Gregory G. Silvey, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gsilvey@guessrudd.com


Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-cv-15-RRB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |


COMPLAINT FOR DECLARATORY RELIEF

     Safeco Insurance Company of America ("Safeco"), by and through its attorneys, Guess & Rudd P.C., hereby complains and alleges as follows:


Jurisdictional Statement and Background

1. Safeco is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.

2. Safeco is an authorized insurer in the State of Alaska, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. Upon information and belief, Loren Morgan and Melody Morgan are husband and wife, and are residents of Anchorage, Alaska.

4. Upon information and belief, Evan Morgan is a minor child of Loren Morgan and Melody Morgan, and is a resident of Anchorage, Alaska.

5. This court has jurisdiction over the subject matter of this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, due to the nature of the allegations discussed below, and this dispute is between citizens of different states.

6. Safeco issued a Personal Umbrella Policy to Loren Morgan and Melody Morgan, policy number UH1417077 ("the umbrella policy") which policy was in effect on January 3, 2002.

7. On or about January 3, 2002, defendants Loren Morgan, Melody Morgan and Evan Morgan (hereinafter, "the Morgans") were involved in an automobile accident at or near the corner of C Street and 33rd Avenue in Anchorage, Alaska. Allison Weeks, the driver of the other vehicle, was at fault in causing the accident.

8. Effective October 24, 2004, the Alaska Legislature amended AS 21.89.020 by adding subsection (i), providing that "automobile liability insurance" does not include coverage provided only on an excess or umbrella basis.

9. On or about November 9, 2005, and following the effective date of the legislative amendments to AS 21.89.020, the Morgans' claims for underinsured motorist benefits under their own automobile liability insurance policy accrued when the Morgans settled their personal injury claims against Allison Weeks, in exchange for payment by Weeks' insurer in the amount of $138,920.68.

10. On or about December 28, 2005, the Morgans received payment in the amount of $112,500 from their automobile insurer, First National Insurance Company of America, for their underinsured motorist claims arising from the January 3, 2002 accident.

11.  The Morgans have demanded payment from Safeco of amounts they claim are available under the umbrella policy as additional compensation for personal injuries they allege to have suffered as a result of the January 3, 2002 accident.  The Morgans assert that these personal injuries, caused by an underinsured motorist, are covered by the umbrella policy and that Safeco is contractually obligated to pay them an amount in excess of $100,000.

Safeco Insurance Company of America v. Loren Morgan, et al
Case No. 3:06-cv-15-RRB
Page 4 of 6

## Claim For Declaratory Relief

12.  Safeco hereby realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

13.  Safeco's umbrella policy does not cover the underinsured motorist claims asserted by the Morgans because those claims did not accrue until November 9, 2005, when they received payment of the liability limits from Weeks' insurer.

14.  As of the date on which the Morgans' claims for underinsured motorist benefits accrued, AS 21.89.020(i) provided that:

> (i) In this section, "automobile liability insurance" does not include coverage provided only on an excess or umbrella basis.

15.  Safeco's umbrella policy specifically excludes the claims asserted by the Morgans at Exclusion No. 17, which provides:

> This policy does not apply to:
> 17.  Any amounts payable under any Uninsured Motorists, Underinsured Motorists, or Uninsured Watercraft Bodily Injury Coverage.

16. Safeco is entitled to a judicial declaration that it has no duty to provide coverage under the umbrella policy to defendants for personal injuries caused by an underinsured motorist arising out of the accident that occurred on January 3, 2002.

WHEREFORE, Safeco prays for the following relief:

A. Entry of an order declaring that Safeco has no duty to provide coverage under the umbrella policy to defendants for personal injuries caused by an underinsured motorist arising out of the accident that occurred on January 3, 2002; and

B. Such other and further relief as the court may deem just and equitable.

DATED at Anchorage, Alaska, this 19th day of January, 2006.

                         GUESS & RUDD P.C.
                         Attorneys for Plaintiff


By:     S/Gregory G. Silvey
     Guess & Rudd P.C.
     510 L Street, Suite 700
     Anchorage, Alaska  99501
     Phone: 907-793-2200
     Fax:   907-793-2299
     Email: gsilvey@guessrudd.com
     Alaska Bar No. 8511197

F:\DATA\5500\182\pleading\01complaint.doc