Michael R. Wirschem, Ak Bar #95-11049
LAW OFFICE OF CRIS W. ROGERS
2600 Denali Street, Suite 711-B
Anchorage, Alaska 99503
Phone:   907.565.5663
Fax:     907.565.5684
E-mail: mikewirschem@gmail.com

Attorneys For The Defendants

RECEIVED
FEB 1 6 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 3:06-cv-15-RRB |

**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Defendants in the above-captioned action, by and through their attorneys, the LAW OFFICE OF CRIS W. ROGERS, and answers the Plaintiff's Complaint For Declaratory Relief as follows:

Jurisdictional Statement and Background

1.   The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 1 of the complaint; therefore, to the extent an answer is required the allegations are denied.

2.   The Defendants admit the allegation that Safeco is an authorized insurer in the State of Alaska, but the

Defendants deny that Safeco has satisfied the conditions precedent to bringing and maintaining this action against its insureds.

3. The Defendants admit the allegations contained in paragraph 3 of the complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the complaint.

5. The Defendants deny the allegations contained in paragraph 5 of the complaint. This Court does not have jurisdiction over the subject matter of this action because:

   (a) All of the issues before the Court in this case as well as additional issues are currently before the Superior Court for the State of Alaska in the case entitled <u>Loren Morgan v. Safeco Insurance Company Of America, Ribelin Lowell & Company Insurance Brokers, Inc., Alaska USA Insurance Brokers, LLC</u>, 3AN-06-5293 CI. A copy of the Complaint in case 3AN-06-5293 CI is being filed with this Court for convenient reference. Defendants Ribelin Lowell and Alaska USA in the state court action are Alaskan corporations owing legal duties which are integral to the determination of the formation of Safeco's Umbrella Policy as well as the umbrella coverage. This umbrella policy coverage dispute is not between citizens of different states and there is no federal diversity jurisdiction;

   (b) The Plaintiff's sole claim in the instant case is for a

Page 2 of 6

        judicial declaration that there is no coverage under the umbrella policy which is purely a question of state law which is not appropriate for resolution by the federal courts;

  (c)  The Plaintiff's claim in the instant case for a declaration that there is no coverage under the umbrella policy does not place any amount of damages into controversy and further precludes jurisdiction in federal court because the jurisdictional requirement of $75,000 in controversy is not met;

  (d)  This Court should remand this case to state court.

6. The Defendants admit the allegation contained in paragraph 6 that Loren and Melody Morgan were issued a Safeco Personal Umbrella Policy, policy number uH1417077, in effect on January 3, 2002, but the policy was obtained from Ribelin Lowell & Company Insurance Brokers, Inc., an Alaskan company and co-defendant with Safeco in the aforementioned lawsuit currently before the state superior court. Legally actionable representations and advice provided by Ribelin Lowell about the Safeco Umbrella coverage and underlying automobile insurance policies to Loren and Melody Morgan were occurrences and transactions integral to any judicial declaration of umbrella coverage.

7. The Defendants admit the allegation that on January 3, 2003, Loren and Evan Morgan were involved in motor vehicle collision at C Street and 33rd Avenue here in Anchorage, and

that Allison Weeks was the at fault driver. However, Melody Morgan was not involved in the collision, and Evan Morgan did not make a claim on any Safeco policy of insurance.

8. To the extent the allegations contained in paragraph 8 require legal conclusions no answer is required, but the Defendants note that any changes the Alaska Legislature made or attempted to make to AS 21.89.020 in October 2004 were not expressly declared to be retroactive, and, therefore, had no legal effect on the Morgans' Safeco Umbrella Policy which provided $1,000,000 for Loren Morgan's bodily injuries sustained in the January 3, 2002, motor vehicle collision.

9. The Defendants deny the allegations contained in paragraph 9 of the complaint.

10. The Defendants admit the allegations in paragraph 10 insofar as payment of underinsured motorist beneifts in the amount of $112,500 related to the January 3, 2002, collision was made in December 2005. Remaining allegations are denied.

11. The Defendants admit that Loren and Melody Morgan provided a written demand to Safeco for payment of the Umbrella Policy limits to compensate Loren Morgan for his serious and permanent bodily injuries suffered in the January 3, 2002, motor vehicle collision and to compensate Melody Morgan for her loss of consortium damages caused by her husband's injuries. Safeco is contractually obligated to provide payment of the insurance benefits.

<u>Claim For Declaratory Relief</u>

12. The Defendants hereby reallege and incorporate by reference herein all of the allegations set forth in their Answer.
13. The Defendants deny the allegations contained in paragraph 13 of the complaint.
14. The Defendants deny the allegations contained in paragraph 14 of the complaint.
15. The Defendants deny the allegations contained in paragraph 15 and note the Exclusion No. 17 is ambiguous and in any event reformed to provide coverage under Alaska law.
16. The Defendants deny the allegations contained in paragraph 16 and note that Safeco is legally obligated to provide coverage under the Umbrella Policy, and any judicial declaration on its duty to provide coverage must be provided by the state court as the formation and representations of the umbrella coverage involved Ribelin Lowell which is an indispensable party to this dispute and an Alaskan company.

## Affirmative Defenses

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, Answering Defendants allege as follows:

1. Failure to state a cause of action upon which relief can be granted;
2. The Defendants are entitled to coverage from Safeco under the umbrella policy;
3. This Court lacks subject matter jurisdiction and should remand the case to state court;
4. The Plaintiff's claims are barred by estoppel, laches, and

   the failure to comply with conditions precedent to

   maintaining this action against its insureds;

5. The Defendants reserve the right to amend and/or to add

   further affirmative defenses.

   WHEREFORE, Defendants pray for the following relief:

   A.   Remand of the dispute to state court and dismissal of

the case with prejudice;

   B.   Judgment in favor of the Defendant on all issues;

   B.   An award of attorney fees and costs incurred by the

Defendants in defending this action;

   C.   Such other and further relief as the Court may deem just

and equitable.

   RESPECTFULLY SUBMITTED this 16th day of February, 2006, at

Anchorage, Alaska.

                                    LAW OFFICE OF CRIS W. ROGERS
                                    Attorneys For The Defendants


                                    S/ Michael R. Wirschem
                                    Michael R. Wirschem
                                    AK Bar # 95-11049

CERTIFICATE OF SERVICE
I hereby certify that on this
16th day of February, 2006, a true
and correct copy of the foregoing
was sent by messenger (and courtesy
copy via fax) to the Plaintiff's
attorneys of record as follows:

Gregory G Silvey
Gary Zipkin
Guess & Rudd, P.C.
510 L. St.  Suite 700
Anchorage, Ak 99501
Fax: 907.793.2299


S/ Michael R. Wirschem
Law Office Of Cris W. Rogers