Michael R. Wirschem, Ak Bar #95-11049
LAW OFFICE OF CRIS W. ROGERS
2600 Denali Street, Suite 711-B
Anchorage, Alaska 99503
Phone: 907.565.5663
Fax:   907.565.5684
Attorneys For The Plaintiff



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LOREN MORGAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAFECO INSURANCE COMPANY )<br>OF AMERICA, RIBELIN LOWELL & )<br>COMPANY INSURANCE BROKERS, INC., )<br>ALASKA USA INSURANCE )<br>BROKERS, LLC, )<br>)<br>Defendants. )<br>) | Case No. 3AN-06- 5293 CI |

## COMPLAINT

COMES NOW the plaintiff, Loren Morgan, by and through his attorneys, the LAW OFFICE OF CRIS W. ROGERS, and for his Complaint against the defendants states and alleges as follows:

### JURISDICTIONAL STATEMENT

1. The Plaintiff is, and at all times relevant to this action was, a resident of Anchorage, Alaska.

2. The acts and omissions by the Defendants complained of herein by the Plaintiff occurred at Anchorage, Alaska within the Third Judicial District for the State of Alaska.

3. Based upon information and belief, Defendant Safeco Insurance Company Of America, hereinafter referred to as "Safeco", is a corporation organized under the laws of the State of Washington.

4. At all times relevant to the allegations herein Safeco was, and is, an insurance company conducting the business of insurance here in the State of Alaska.

5. Based upon information and belief, at the time the insurance contracts and the services at issue in this action were provided to the Plaintiff, Defendant Ribelin Lowell & Company Insurance Brokers, Inc., hereinafter referred to as "Ribelin Lowell", was a corporation organized under the laws of the State of Alaska and conducting the business of brokering, selling, and providing insurance services here in the State of Alaska.

6. Based upon information and belief, in 2004 Ribelin Lowell was acquired by Alaska USA Federal Credit Union through its subsidiary Alaska USA Insurance Agency, LLC which has continued conducting Ribelin Lowell's business of brokering, selling and providing insurance services, d/b/a Alaska USA Insurance Brokers, LLC, an Alaskan corporation and hereinafter referred to as "Alaska USA".

7. This Court has jurisdiction over the parties and subject matter pursuant to AS 22.10.020, the questions of state law presented in this case, and the absence of diversity of citizenship between the Plaintiff and the defendants.

8. Venue is proper in this Court.

## STATEMENT OF FACTS

9. For many years the Plaintiff has purchased various policies of insurance coverage from Ribelin Lowell and its associates including Karen E. Zehrung, CISR.

10. The Plaintiff has a long established special relationship of entrustment with, and reliance on, the services, expertise, advice and representations of Ribelin Lowell and its associates.

11. The Plaintiff's relationship with Ribelin Lowell and its associates encompasses a history of special circumstances, numerous insurance coverages and services, the First National Insurance Company of America automobile policy number H1742611, and the Safeco Personal Umbrella Policy sold to Loren Morgan and Melody Morgan, policy number UH1417077, hereinafter referred to as the "Umbrella Policy", in effect on January 3, 2002.

12. Ribelin Lowell and its associates failed to respond appropriately to the Plaintiff's needs, inquiries and requests with respect to underinsured motorist coverage and umbrella coverage.

13. During the formation of and coverage periods of the Plaintiff's automobile and Umbrella Policy insurance contracts Ribelin Lowell and its associates violated legal duties to advise, obtain coverage, and to provide the Plaintiff with appropriate information related to his losses claims and coverages.

14. During the coverage periods of the Plaintiff's automobile policy and Umbrella Policy, Ribelin Lowell and its associates misrepresented the coverages to the Plaintiff.

15. During the formation of the Umbrella Policy insurance contract with the Plaintiff, Ribelin Lowell violated its legal duties owed to the Plaintiff.

16. Safeco's Umbrella Policy sold to the Plaintiff violated AS 21.89.020.

17. Alaska law requires reformation of the Umbrella Policy to provide underinsured motorist coverage to the Plaintiff for the damages sustained in the motor vehicle collision of January 3, 2006.

18. Ribelin Lowell and its associates failed to disclose to the Plaintiff all relevant benefits and

other provisions of coverage under which the Plaintiff's bodily injury damages were covered or may have been covered.

19. Safeco failed to disclose to the Plaintiff all relevant benefits and other provisions of coverage under which the Plaintiff's bodily injury damage were covered or may have been covered.

20. After being notified of the Plaintiff's bodily injury damages sustained in the motor vehicle collision of January 3, 2002, Ribelin Lowell failed to properly investigate and respond to the Plaintiff's claim.

21. After being notified of the Plaintiff's bodily injury damages sustained in the motor vehicle collision of January 3, 2002, Safeco failed to properly investigate and respond to the Plaintiff's claim.

22. In response to the Plaintiff's written demand for payment of the Umbrella Policy limits, on January 17, 2006, Safeco filed a lawsuit against the Plaintiff in United States District Court For The District Of Alaska seeking a declaration of no coverage under the Umbrella Policy without first providing any notice, any written coverage decision, any explanation of the basis for denial of the claim, any exchange of information or related communications, all of which were in violation of Safeco's duties to the Plaintiff and in violation of Alaska law.

23. On January 27, 2006, the Plaintiff (through counsel) issued a written request to Ribelin Lowell & Company Insurance Brokers, Inc. c/o Alaska USA for all of the documentation and electronic information related in any way to the various policies of insurance the Plaintiff had purchased over the years from Ribelin Lowell.

24. Ribelin Lowell and Alaska USA have refused to provide the Plaintiff with any of the information requested.

Morgan v. Safeco, et. al.
Complaint                                Page 4 of 8

25. The Plaintiff has notified the United States District Court For The District Of Alaska that the instant case is pending against Safeco, Ribelin Lowell and Alaska USA, and that the absence of federal court jurisdiction requires a remand of Safeco's pending federal lawsuit against the Plaintiff to this Court.

## CAUSES OF ACTION

### COUNT I: DECLARATORY RELIEF AGAINST SAFECO

26. Plaintiff hereby realleges and incorporates by reference all of the allegations contained in each paragraph set out in this Complaint as if fully set forth herein.

27. The Plaintiff's Umbrella Policy provides $1,000,000 in underinsured motorist coverage to the Plaintiff plus interest, attorney fees and costs.

28. Safeco has refused to provide the Plaintiff with the Umbrella Coverage.

29. The Plaintiff is entitled to a judicial declaration that Safeco has a duty to provide coverage under the Umbrella Policy for the Plaintiff's bodily injuries sustained in the motor vehicle collision of January 3, 2002.

### COUNT II: BREACH OF CONTRACT BY SAFECO

30. Plaintiff hereby realleges and incorporates by reference all of the allegations contained in each paragraph set out in this Complaint as if fully set forth herein.

31. The Plaintiff purchased a Safeco Umbrella Policy of insurance, the same being a contract between the parties.

32. The Plaintiff has satisfied all of the conditions and terms of the contract required to demand Safeco's performance of its contractual duties to pay the Plaintiff insurance benefits and related sums.

33. Safeco's failure to perform its contractual duties to the Plaintiff is a breach of the parties' contract.

34. As a result of Safeco's breach of contract, the Plaintiff has sustained damages in excess of $50,000, the exact amount to be proven at trial.

### COUNT III: DECLARATORY RELIEF AGAINST RIBELIN LOWELL AND ALASKA USA

35. Plaintiff hereby realleges and incorporates by reference all of the allegations contained in each paragraph set out in this Complaint as if fully set forth herein.

36. The Plaintiff has purchased various polices of insurance from Ribelin Lowell and its associates.

37. The Plaintiff has submitted a written request to Ribelin Lowell and Alaska USA for copies of all of the documentation and electronic information related to the various policies of insurance.

38. The Plaintiff is entitled to a reasonable response to his request for information from Ribelin Lowell and Alaska USA.

39. Ribelin Lowell and Alaska USA have refused to provide the Plaintiff with the requested information or a reasonable response to the request for information.

40. The Plaintiff is entitled to a judicial declaration that Ribelin Lowell and Alaska USA shall provide the Plaintiff with the information requested.

### COUNT IV: BREACH OF DUTY TO ADVISE BY RIBELIN LOWELL

41. Plaintiff hereby realleges and incorporates by reference all of the allegations contained in each paragraph set out in this Complaint as if fully set forth herein.

42. A special relationship with special circumstances existed and exists between the Plaintiff and Ribelin Lowell and its associates.

43. The special relationship and special circumstances created a legal duty by Ribelin Lowell and its associates to appropriately advise and secure insurance coverages for the Plaintiff.

44. Ribelin Lowell has breached its legal duties to the Plaintiff.

45. The Plaintiff's damages caused by the breach of legal duties by Ribelin Lowell are in excess of $50,000.00, the exact amount shall be established at trial.

**COUNT V: BREACH OF CONTRACT BY RIBELIN LOWELL AND ALASKA USA**

46. Plaintiff hereby realleges and incorporates by reference all of the allegations contained in each paragraph set out in this Complaint as if fully set forth herein.

47. The Plaintiff has contracted with Ribelin Lowell and Alaska USA for various insurance products and services.

48. Ribelin Lowell and Alaska USA owe legal contract duties to the plaintiff which include, but are not limited to, fiduciary duty and the covenant to deal with the Plaintiff fairly and in good faith.

49. Ribelin Lowell and Alaska USA's failure to perform its contractual duties to the Plaintiff is breach of contract.

50. The breach of contractual duties by Ribelin Lowell and Alaska USA have caused the Plaintiff to sustain damages in an amount to be determined at trial.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment against the Defendants in favor of the Plaintiff on all claims.

2. An order declaring that Safeco provide coverage under the Umbrella Policy for the

Plaintiff's bodily injuries sustained in the motor vehicle collision of January 3, 2002.

3. Judgments against Safeco, Ribelin Lowell and Alaska USA awarding the Plaintiff damages for breach of contract.

4. An order declaring that Ribelin Lowell and Alaska USA provide the Plaintiff with the information he has requested.

5. Prejudgment interest, attorney fees, costs and postjudgment interest.

6. For such other and further relief the Court deems just and equitable under the circumstances.

DATED at Anchorage, Alaska this 16th day of February, 2005.

LAW OFFICE OF CRIS W. ROGERS
Attorneys for Plaintiff

_____
Michael R. Wirschem
AK Bar # 95-11049