Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone: (907) 793-2200
Fax:   (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor,<br><br>Defendants. | Case No. 3:06-cv-15-RRB |

SAFECO INSURANCE COMPANY
OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Safeco Insurance Company of America ("Safeco"), by and through its attorneys, Guess & Rudd P.C., hereby moves for summary judgment on its claim that the policy in question does not provide coverage for an underinsured motorist claim. Because there are no disputed issues of material fact, Safeco is entitled

to judgment as a matter of law.  This motion is supported by the following memorandum and affidavit filed herewith.

1.  Introduction

This case is a dispute between Safeco Insurance Company of America ("Safeco") and individual insureds under a Safeco personal umbrella policy.  The issue the court is asked to resolve is fairly straightforward.  Does a personal umbrella policy that does not explicitly provide coverage for underinsured motorist ("UIM") claims nonetheless cover such UIM claims, contrary to the language contained in AS 21.89.020(i)?  This action seeks the court's declaratory judgment that that no such coverage exists for defendant's UIM claims.

2.  Statement of Facts

Loren Morgan and Melody Morgan obtained an automobile insurance policy from First National Insurance Company of America (hereinafter "First National")[1] that was in effect on January 3, 2002.  Affidavit of Maryle Tracy, ¶ 2.  In addition, the Morgans purchased a personal umbrella policy from Safeco Insurance Company of America that was also in effect on January 3, 2002.

---

[1] First National is a Safeco affiliated company.  The automobile insurance policy issued by First National provided liability coverage in the amount of $500,000, uninsured and underinsured motorist coverage in the amount of $100,000, and medical payment benefits in the amount of $25,000.  Tracy Aff., ¶ 2.

SAFECO'S MOTION FOR SUMMARY JUDGMENT
Safeco Insurance Company of America v. Loren Morgan, et al
Case No. 3:06-cv-15-RRB
Page 2 of 10

Complaint, ¶ 6; Answer, ¶ 6.  A certified copy of the personal umbrella policy UH1417077 is submitted herewith as Exhibit A.

On or about January 3, 2002, Loren Morgan and Evan Morgan were involved in an automobile accident at or near the corner of C Street and 33rd Avenue in Anchorage, Alaska.  Allison Weeks, the driver of the other vehicle, was at fault in causing the accident.  Complaint, ¶ 7; Answer ¶ 7.  The Morgans filed a lawsuit on December 31, 2003 in the state superior court captioned <u>Loren Morgan, Individually and on behalf of Evan Morgan, A Minor and Melody Morgan v. Allison Weeks and Casey Weeks</u>, Case No. 3AN-03-14433 Civil.[2]

First National paid Loren Morgan $25,000 in medical benefits under the automobile policy on or about August 15, 2005.  Affidavit of Maryle Tracy, Ex. 1.  On or about November 9, 2005, Loren Morgan settled his personal injury claims against Weeks for payment by Weeks' insurer of her liability policy limits plus add-ons, in the amount of $138,920.68.  Tracy Aff., Ex. 2.

On December 15, 2005, First National tendered $112,500, representing the limits of the UIM coverage available under the

---

[2] While neither Evan Morgan nor Melody Morgan appear to have made individual demands for UIM coverage, since all three were named in the underlying lawsuit, they are all named as defendants here simply to ensure that any decision regarding coverage is binding on all potential claims arising out of that accident.

automobile policy.  Tracy Aff., Ex. 3.  On December 16, 2005, Morgan demanded that Safeco pay its $1,000,000 policy limits under Morgan's personal umbrella policy, asserting that the umbrella policy provided additional coverage for Morgan's UIM claims.  Tracy Aff., Ex. 4.

Safeco responded to Morgan's demand by letter dated January 17, 2006. Tracy Aff., Ex. 5.  In that letter, Safeco set out its position that the umbrella policy did not provide UIM coverage for Morgan's claims.  <u>Id.</u>  Consistent with the coverage determination set out in its January 17, 2006 letter, Safeco brought the present declaratory action to obtain a judicial declaration that no coverage exists for UIM claims under the umbrella policy.

### 3.   <u>Standard for Summary Judgment</u>

A party is entitled to summary judgment when there are no disputed issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of showing that there is no genuine dispute as to material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.  <u>Id</u>. at 323-25.  Once the moving party has shown

that the case presents no issue of material fact and that the law requires judgment in its favor, the opposing party can avoid summary judgment only by producing competent evidence to show that there are issues of material fact to be tried. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). All evidence by the non-moving party must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-moving party. <u>Id</u>. at 255. The non-moving party, however, may not rest upon mere allegations or denials, but must show that sufficient evidence exists to support the claimed factual dispute and that the fact-finder is required to resolve the parties' differing versions of the truth at trial. <u>Id</u>. at 248-49; Fed. R. Civ. P. 56(e).

4. <u>Discussion</u>

A.  Underinsured motorist claims accrue on the
    <u>date of settlement or judgment with the tortfeasor</u>.

Alaska's statutory scheme governing UIM coverage makes it clear that a UIM claim only arises when all sources of liability insurance have been exhausted. Specifically, AS 28.20.445(e)(1) provides:

(e) Uninsured and underinsured motorists coverage

> (1) may not apply to bodily injury, sickness, disease, or death of an insured or damage to or destruction of property of an insured <u>until the limits of liability of all bodily injury and property damage liability bonds and policies that apply have been used up by payments, judgments or settlements</u>. (Emphasis added.)

In <u>Curran v. Progressive Northwest. Ins. Co.</u>, 29 P.3d 829 (Alaska 2001), the Alaska Supreme Court unanimously held, consistent with AS 28.20.445(e)(1), that an insurer's obligation to pay UIM benefits does not arise unless and until the claimant has fully exhausted the underlying liability policy limits by payments, judgments or settlements. The court further ruled that liability limits are not "exhausted" for purposes of UIM coverage until all possible limits have been paid, and that Alaska law requires actual, rather than theoretical, exhaustion. <u>Curran</u>, 29 P.3d at 834-35.

Courts from other jurisdictions have generally agreed with the approach taken by the Alaska Supreme Court regarding the date of accrual of a UIM claim. <u>See</u>, e.g., <u>Danbeck v. American Family Mut. Ins. Co.</u>, 245 Wis.2d 186, 629 N.W.2d 150, 157 (2001)(duty to pay UIM benefits "does not arise until exhaustion"

of underlying liability limits).[3]  Courts have often examined the accrual date for purposes of determining whether the UIM claim is brought within the applicable statute of limitations.  See, Coelho v. ITT Hartford, 251 Conn. 106, 752 A.2d 1063, 1068-69 (1999)(statute of limitations does not begin to run on UIM claim until tortfeasor's liability limits have been exhausted, since "an action for underinsured motorist benefits does not accrue" until those limits have been exhausted); Honbo v. Hawaiian Ins. & Guar. Co., 86 Haw. 373, 949 P.2d 213, (Ct. App. 1997)(statute of limitations for UIM claim begins to run on exhaustion of no-fault limits).

Some courts have even gone so far as to require not only exhaustion, but a denial of UIM benefits before the statute of limitations on a UIM claim begins to run.  See Hamm v. Allied Mut. Ins. Co., 612 N.W.2d 775, 781-82 (Iowa 2000)(and cases cited therein).  In either case, courts have consistently recognized that an insured's claim for UIM benefits only accrues _after_ the liability limits of the tortfeasor have been exhausted.  Although the Alaska Supreme Court did not explicitly address the statute of limitations issue in Curran, the clear implication of the court's ruling, taken in light of the prevailing case law from other jurisdictions on this same subject, is that a UIM claim

---

[3] See generally, J. Kelso and M. Drevlow, "When Does the Clock Start Ticking? A Primer on Statutory and Contractual Time Limitation Issues Involved in Uninsured and Underinsured Motorist Claims," 47 Drake Law Review 689 (1999).

accrues <u>no sooner than</u> the time of exhaustion of liability limits.  The earliest date that Morgan had a UIM claim to pursue at all was November 9, 2005, when the liability claims against the tortfeasor were settled.

Obviously, before a claim for UIM coverage can be presented by an insured, all underlying liability limits must be exhausted, including those of other insurers that may be obligated to provide coverage for the accident and resulting injuries.  In the present case, Morgan exhausted the limits of available liability insurance in November 2005.  At that point, Morgan's UIM claim accrued under Alaska law.  First National paid its UIM limits to Morgan a little more than a month thereafter.  Tracy Aff., Ex. 3.

What Morgan did <u>not</u> have in November 2005 was a basis for arguing that his personal umbrella policy qualified as an automobile insurance policy, under which he could pursue his UIM claim.  An amendment to AS 21.89.020, which became effective in <u>August 2004</u>, clarified the status of excess or umbrella policies by specifically stating that policies issued "only on an excess or umbrella basis" are <u>not</u> to be considered automobile insurance policies under Alaska insurance statutes.  This was the governing law that existed at the time Morgan's underinsured motorist claim accrued in November 2005.

Morgan's claim to UIM benefits under his personal umbrella policy must be considered in light of this statutory provision.  What he seeks (reformation of his umbrella policy to include underinsured motorist coverage) is inconsistent with the law that existed at the time that his UIM claim accrued.  Morgan mistakenly relies on <u>Holderness v. State Farm Fire & Cas. Co.</u>, 24 P.3d 1235 (Alaska 2001), to argue that this personal umbrella policy ought to be reformed to cover UIM claims arising out of the accident in question.  While <u>Holderness</u> did, for a time, create the basis for such a claim, that case only applied to UIM claims accruing after the establishment of this judicial precedent in June 2001, and before the Alaska legislature clarified (in August 2004) that the definition of "automobile liability insurance" did <u>not</u> include an umbrella policy such as this one.  <u>See</u> AS 21.89.020(i).

As previously stated, Morgan had no UIM claim until November 2005.  He cannot now argue that <u>Holderness</u> has any applicability to his claim, as it had been expressly superseded by legislative action before Morgan's UIM claim first arose.

5.   <u>Conclusion</u>

For these reasons, Safeco respectfully requests that the court grant it summary judgment, finding that no coverage for

UIM claims exists under Safeco Policy No. UH1417077 for claims of the defendants arising out of the automobile accident that occurred on January 3, 2002.

DATED at Anchorage, Alaska, this 22nd day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Plaintiff

By: _____s/Gary A. Zipkin_____
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, Alaska  99501
    Phone: 907-793-2200
    Fax:   907-793-2299
    Email: gzipkin@guessrudd.com
    Alaska Bar No. 7505048

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2006, a copy of the foregoing document was served electronically on:

    Michael R. Wirschem, Esq.

Guess & Rudd P.C.

By:___s/Gary A. Zipkin___

F:\DATA\5500\182\pleading\04msj(UIM).doc