GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

510 L STREET, SUITE 700
ANCHORAGE, ALASKA 99501-1964
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

January 17, 2006

Michael R. Wirschem, Esq.                    Via Facsimile 278-8588
Law Offices of Cris W. Rogers
2600 Denali Street, 711-B
Anchorage, Alaska 99503

    Re:   Loren and Melody Morgan
          Safeco Claim No. 233541392015
          Our File No. 5500.182

Dear Mr. Wirschem:

      Safeco Insurance Company of America ("Safeco") has reviewed your demand for UIM benefits under the personal umbrella policy number UH1417077 issued by Safeco to Loren Morgan and Melody Morgan for the period April 10, 2001 to April 10, 2002. We understand that settlement with the tortfeasor insured by USAA was completed on November 9, 2005. Therefore, your clients' UIM claims accrued as of that date. We also understand that First National Insurance thereafter paid its UIM limits of $112,500 on December 28, 2005.

      We recognize that you take the position that the holding in <u>Holderness v. State Farm Fire & Cas. Co.</u>, 24 P.3d 1235 (Alaska 2001), requires that this personal umbrella policy be reformed to cover UIM claims arising out of the accident in question, notwithstanding language in the policy to the contrary and notwithstanding the express provisions of AS 21.89.020(i).

      It is Safeco's position that the UIM claims now asserted under Loren Morgan's personal umbrella policy first accrued when the limits of all bodily injury liability policies that apply have been used up by payments, judgments, or settlements. <u>Curran v. Progressive Northwestern Ins. Co.</u>, 29 P.3d 829 (Alaska 2001). Accordingly, AS 21.89.020(i), adopted in 2004 and effective as of October 24, 2004, applies to this claim. That statute provides that, for purposes of Alaska's mandatory insurance statutes, automobile liability insurance does not include coverage provided only on an excess or umbrella

EXHIBIT 5
Page 1 of 2

Michael R. Wirschem, Esq.
January 17, 2006
Page 2

basis, supplanting the <u>Holderness</u> rule. In addition, in Exclusion No. 17, the policy specifically excludes claims for amounts payable under any underinsured motorist coverage.

As you can see from the enclosed courtesy copy of the Complaint for Declaratory Relief, we have now asked the court to resolve this issue. We trust the court will be able to provide a prompt answer to this coverage question and resolve this difference of opinion. As you can also see from the prayer for relief, Safeco seeks no award of attorney's fees or costs from the Morgans.

We have also enclosed waivers of service of process for each of the named defendants. Please let me know if your clients are willing to allow you to waive the service normally required by FRCP 4. If you will accept service, please sign the original copy of each waiver and return them to me in the pre-paid envelope provided. If you will not be representing any of the persons for whom waivers are provided, or if you are not able to accept service on behalf of any of the defendants, please advise so we can promptly perfect service pursuant to FRCP 4.

Very truly yours,

GUESS & RUDD P.C.

*[signature]*

Gary A. Zipkin

GAZ:klh: F:\DATA\5500\182\corresp\01ggswirschem1.doc

Enclosures

cc: Mr. Paul Henry (Claim No. 233541392015)(w/encls.)

EXHIBIT 5
Page 2 of 2