# AFFIDAVIT

State of Indiana

County of Marion

NAME OF INSURED:    DR LOREN MORGAN

POLICY NUMBER:     UH1417077

POLICY DATES:      04-10-01 TO 04-10-02

Deborah Campbell being duly sworn on oath says she is an archivist of SAFECO Insurance Company of America and that she has compared the attached copies of the insurance policy number listed above and endorsements with the original records of the policy of insurance and endorsements contained in the Company's files and that the same is a true and exact recital of all the provisions in the said original policy and endorsements attached thereto.

*Deborah Campbell*

Subscribed and sworn to before me

on November 4, 2005.

*Linda J. Winebarger*
Notary Public

LINDA J. WINEBARGER, NOTARY PUBLIC
MARION COUNTY, STATE OF INDIANA
MY COMMISSION EXPIRES: 1/10/2009

Exhibit 1
Page 1 of 19

RIBELIN LOWELL & COMPANY INS
BROKERS, INC.
3111 C ST STE 300
ANCHORAGE    AK   99503 3925

MAY 24, 2001

**POLICY NUMBER:** UH1417077

**AGENT TELEPHONE:**
(907) 561-1250

#BWNCRQQ
#UH7770411/234564#

DR LOREN MORGAN
511 CLIPPER SHIP CT
ANCHORAGE AK  99515-3621

We made the following changes to your umbrella policy:

  - The number of additional automobiles in the household changed from 1 to 2.
  - Coverage for 1 Driver under 25 years of age is added.

These changes are effective May 21, 2001.   Please place this letter with your insurance policy.

The additional premium for this change is $48.95.   The billing for this amount will be explained on the next statement for your checkless account number 7221-1742611.

If you have any questions or wish to make a change to your policy, please call:   (907) 561-1250.

We appreciate the opportunity to serve you.   Thank you.

*Claudette A. Kenmir*

Claudette A. Kenmir
Personal Lines Business Manager

Exhibit 1
Page 2 of 19

**For self-service account information or to pay your premium by credit card, call 1-800-332-3226.
You can also get numerous account services by visiting our website at www.safeco.com.**

OC-429/EP 10/99

**SAFECO INSURANCE COMPANY OF AMERICA**
**PERSONAL UMBRELLA POLICY DECLARATIONS**   **POLICY NUMBER:** UH1417077

**INSURED:**
DR LOREN MORGAN
511 CLIPPER SHIP CT
ANCHORAGE AK   99515-3621

**AGENT:**
RIBELIN LOWELL & COMPANY INS
BROKERS, INC.
3111 C ST STE 300
ANCHORAGE          AK     99503 3925
(907) 561-1250

**POLICY PERIOD FROM:** APR. 10 2001
                   **TO:** APR. 10 2002
   **CHANGED AS OF:**  MAY   21 2001
at 12:01 A.M. Standard time at
the address of the insured as
stated herein.

**RETAINED LIMIT:**        $250
**LIMIT OF LIABILITY:**  $1,000,000

**SCHEDULE OF UNDERLYING INSURANCE:**
The insured agrees:
  1) that insurance policies providing the coverages specified on the back of these declarations, if applicable, are in force and will be maintained in force as collectible insurance for at least the required minimum limits stated
  2) to insure all motor vehicles owned, leased by or used by the insured
  3) to insure all residence premises owned, leased by or leased to the insured
  4) to insure all recreational vehicles owned, leased by or used by the insured
  5) to insure all watercraft owned by the insured

| COVERAGES | PREMIUM |
|---|---|
| Basic premium - includes one automobile and primary residence | $ 90.00 |
| 2 Additional automobiles in the household | $ 60.00 |
| 1 Driver under 25 years of age | $ 25.00 |
| 1 Rental unit | $ 10.00 |
| **TOTAL ANNUAL PREMIUM** | **$ 185.00** |

Exhibit 1
Page 3 of 19

**PLEASE SEE REVERSE**

**DATE PREPARED** MAY   24 2001

P-1075/EP 6/99
G1

**ORIGINAL**

®A registered trademark of SAFECO Corporation

| Type of Policy | Required Minimum Limits | |
|---|---|---|
| Automobile/Motor Vehicle Liability (Including motor homes) | Bodily Injury and Property Damage | - 500,000 each person/<br>- 500,000 each occurrence<br>- 100,000 each occurrence |
| | **OR** | |
| | Single Limit | - 500,000 each occurrence |
| Comprehensive Personal Liability | Single Limit | - 300,000 each occurrence |
| Premises Liability | Single Limit | - 300,000 each occurrence |
| Recreation Vehicle Liability | Single Limits | - 300,000 each occurrence |
| Watercraft Liability<br>1. a. Powerboats 32 feet or more in length; or<br>  b. Sailing vessels (with or without auxiliary power) 26 feet or more in length<br>2. All other watercraft | Single Limits<br>Single Limits | - 500,000 each occurrence<br>- 300,000 each occurrence |
| Incidental Farm Coverage | Single Limits | - 300,000 each occurrence |

Exhibit 1
Page 4 of 19

SAFECO INSURANCE COMPANY OF AMERICA
P O BOX 34920, SEATTLE, WA 98124

RIBELIN LOWELL & COMPANY INS
BROKERS, INC.
3111 C ST STE 300
ANCHORAGE    AK   99503 3925

APRIL 24, 2001

**POLICY NUMBER:** UH1417077

**AGENT TELEPHONE:**
(907) 561-1250

#BWNCRQQ
#UH7770411/234564#

DR LOREN MORGAN
511 CLIPPER SHIP CT
ANCHORAGE AK  99515-3621

We made the following change to your umbrella policy:

- Coverage for 1 Rental unit is added.

This change is effective April 10, 2001.   Please place this letter with your insurance policy.

The additional premium for this change is $10.00.   The billing for this amount will be explained on the next statement for your checkless account number 7221-1742611.

If you have any questions or wish to make a change to your policy, please call:  (907) 561-1250.

We appreciate the opportunity to serve you.   Thank you.

*Claudette A. Kenmir*

Claudette A. Kenmir
Personal Lines Business Manager

Exhibit 1
Page 5 of 19

**For self-service account information or to pay your premium by credit card, call 1-800-332-3226.
You can also get numerous account services by visiting our website at www.safeco.com.**

OC-429/EP 10/99

**SAFECO INSURANCE COMPANY OF AMERICA**
**PERSONAL UMBRELLA POLICY DECLARATIONS**   POLICY NUMBER: UH1417077

**INSURED:**
DR LOREN MORGAN
511 CLIPPER SHIP CT
ANCHORAGE AK  99515-3621

**AGENT:**
RIBELIN LOWELL & COMPANY INS
BROKERS, INC.
3111 C ST STE 300
ANCHORAGE       AK   99503 3925
(907) 561-1250

**POLICY PERIOD FROM:** APR. 10 2001
**TO:** APR. 10 2002
**CHANGED AS OF:** APR. 10 2001
at 12:01 A.M. Standard time at
the address of the insured as
stated herein.

**RETAINED LIMIT:**        $250
**LIMIT OF LIABILITY:**    $1,000,000

**SCHEDULE OF UNDERLYING INSURANCE:**
The insured agrees:
  1) that insurance policies providing the coverages specified on the back of these declarations, if applicable, are in force and will be maintained in force as collectible insurance for at least the required minimum limits stated
  2) to insure all motor vehicles owned, leased by or used by the insured
  3) to insure all residence premises owned, leased by or leased to the insured
  4) to insure all recreational vehicles owned, leased by or used by the insured
  5) to insure all watercraft owned by the insured

| COVERAGES | PREMIUM |
|---|---|
| Basic premium - includes one automobile and primary residence | $ 90.00 |
| 1 Additional automobile in the household | $ 30.00 |
| 1 Rental unit | $ 10.00 |
| **TOTAL ANNUAL PREMIUM** | **$ 130.00** |

Exhibit 1
Page 6 of 19

**PLEASE SEE REVERSE**

**DATE PREPARED APR. 24 2001**

P-1075/EP 6/99
G1

ORIGINAL

® A registered trademark of SAFECO Corporation

| Type of Policy | Required Minimum Limits | |
|---|---|---|
| Automobile/Motor Vehicle Liability (Including motor homes) | Bodily Injury and Property Damage **OR** Single Limit | - 500,000 each person/<br>- 500,000 each occurrence<br>- 100,000 each occurrence<br><br>- 500,000 each occurrence |
| Comprehensive Personal Liability | Single Limit | - 300,000 each occurrence |
| Premises Liability | Single Limit | - 300,000 each occurrence |
| Recreation Vehicle Liability | Single Limits | - 300,000 each occurrence |
| Watercraft Liability<br>1. a. Powerboats 32 feet or more in length; or<br>   b. Sailing vessels (with or without auxiliary power) 26 feet or more in length<br>2. All other watercraft | Single Limits<br>Single Limits | - 500,000 each occurrence<br>- 300,000 each occurrence |
| Incidental Farm Coverage | Single Limits | - 300,000 each occurrence |

Exhibit 1
Page 7 of 19

RIBELIN LOWELL & COMPANY INS
BROKERS, INC.
3111 C ST STE 300
ANCHORAGE     AK  99503 3925

MARCH 1, 2001

**POLICY NUMBER:** UH1417077

**AGENT TELEPHONE:**
(907) 561-1250

#BWNCRQQ
#UH7770411/234564#

DR LOREN MORGAN
511 CLIPPER SHIP CT
ANCHORAGE AK  99515-3621

Thank you for allowing us to serve your insurance needs.   We appreciate your business and the trust that you have placed in us.   We would like to remind you that it is now time to renew your Umbrella policy.

Your new policy period begins April 10, 2001.

The renewal premium for this policy is $120.00.   The billing for this amount will be explained on the next statement for your checkless account number 7221-1742611.   A $272.67 payment for the outstanding bill on your account will be deducted on March 16, 2001.

If you have any questions or wish to make a change to your policy, please call:   (907) 561-1250.

*Claudette A. Kenmir*

Claudette A. Kenmir
Personal Lines Business Manager

Exhibit 1
Page 8 of 19

**For self-service account information or to pay your premium by credit card, call 1-800-332-3226.
You can also get numerous account services by visiting our website at www.safeco.com.**

OC-429/EP 10/99

**SAFECO INSURANCE COMPANY OF AMERICA**
**PERSONAL UMBRELLA POLICY DECLARATIONS**   POLICY NUMBER: UH1417077

| | |
|---|---|
| **INSURED:**<br>DR LOREN MORGAN<br>511 CLIPPER SHIP CT<br>ANCHORAGE AK   99515-3621 | **AGENT:**<br>RIBELIN LOWELL & COMPANY INS<br>BROKERS, INC.<br>3111 C ST STE 300<br>ANCHORAGE         AK    99503 3925<br>(907) 561-1250 |

POLICY PERIOD FROM: APR. 10 2001
                  TO: APR. 10 2002

at 12:01 A.M. Standard time at
the address of the insured as
stated herein.

**RETAINED LIMIT:**          $250
**LIMIT OF LIABILITY:**   $1,000,000

**SCHEDULE OF UNDERLYING INSURANCE:**
The insured agrees:
 1) that insurance policies providing the coverages specified on the back of these declarations, if applicable, are in force and will be maintained in force as collectible insurance for at least the required minimum limits stated
 2) to insure all motor vehicles owned, leased by or used by the insured
 3) to insure all residence premises owned, leased by or leased to the insured
 4) to insure all recreational vehicles owned, leased by or used by the insured
 5) to insure all watercraft owned by the insured

| COVERAGES | PREMIUM |
|---|---|
| Basic premium - includes one automobile and primary residence | $  90.00 |
| 1 Additional automobile in the household | $  30.00 |
| **TOTAL ANNUAL PREMIUM** | **$ 120.00** |

Exhibit 1
Page 9 of 9

**POLICY FORMS APPLICABLE TO THIS POLICY:**
P-1075/EP 6/99, P-967/AKEP 10/99

**PLEASE SEE REVERSE**

DATE PREPARED MAR. 1 2001

P-1075/EP 6/99
G1                                    ORIGINAL                ® A registered trademark of SAFECO Corporation

| Type of Policy | Required Minimum Limits | |
|---|---|---|
| Automobile/Motor Vehicle Liability (Including motor homes) | Bodily Injury and Property Damage **OR** Single Limit | - 500,000 each person/ <br> - 500,000 each occurrence <br> - 100,000 each occurrence <br><br> - 500,000 each occurrence |
| Comprehensive Personal Liability | Single Limit | - 300,000 each occurrence |
| Premises Liability | Single Limit | - 300,000 each occurrence |
| Recreation Vehicle Liability | Single Limits | - 300,000 each occurrence |
| Watercraft Liability <br> 1. a. Powerboats 32 feet or more in length; or <br>    b. Sailing vessels (with or without auxiliary power) 26 feet or more in length <br> 2. All other watercraft | <br><br><br> Single Limits <br> Single Limits | <br><br><br> - 500,000 each occurrence <br> - 300,000 each occurrence |
| Incidental Farm Coverage | Single Limits | - 300,000 each occurrence |

Exhibit  l  
Page 10 of 19

 **ALASKA PERSONAL UMBRELLA POLICY**

**SAFECO®**   SAFECO INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
(A stock insurance company.)

# READY REFERENCE TO YOUR PERSONAL UMBRELLA POLICY

|  | Beginning On Page |
|---|---|
| **INSURING AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **COVERAGES**<br>  Personal Liability<br>  Defense Coverage | 2 |
| **EXCLUSIONS** | 3 |
| **CONDITIONS**<br>  Limit of Liability<br>  Duties After Loss<br>  Payment of Loss<br>  Termination<br>  Maintenance of Underlying Insurance | 5 |

COPY

Exhibit 1
Page 11 of 19

P-967/AKEP 10/99                                   ® a Registered Trademark of SAFECO Corporation

## INSURING AGREEMENT

We agree to provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy. The limit of our liability and the premiums are shown in the Declarations, which becomes a part of this policy.

## DEFINITIONS

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household, and "we," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

1. "**Business**" means any trade, profession or occupation.

2. "**Insured**" means you and also:

   a. any **member of your household**. But with respect to **motor vehicles** to which this policy applies, a **member of your household** is covered only as follows:

      (1) while using a **motor vehicle** owned by you or any **member of your household**;

      (2) while using a **motor vehicle** not owned by you or any **member of your household** provided such use is with the reasonable belief that the person using it is entitled to do so;

   b. any person while using a **motor vehicle** or watercraft owned by, loaned to or hired by you or on your behalf with your permission;

   c. any person or organization using or having custody of animals owned by you and with your permission;

   d. with respect to aircraft chartered with pilot by you or on your behalf, any person using such aircraft or legally responsible for its use.

   None of the following is an **insured**:

   a. the owner or lessor of a **motor vehicle** or watercraft loaned to or hired by you or on your behalf;

   b. any person (other than you) while employed or engaged in the **business** of selling, maintaining, storing, parking or mooring **motor vehicles** or watercraft. Also any person or organization (other than you) with respect to their liability for the acts or omissions of any such person;

   c. any person or organization (other than you, your employees or agents or a **member of your household**) loading or unloading **motor vehicles** or watercraft;

   d. the owner, pilot, crew member, or any person operating any aircraft chartered with pilot by you or on your behalf;

   e. any aircraft or aircraft part manufacturer, sales or maintenance organization, airport or hangar operator, their employees or agents with respect to any **occurrence** arising out of such operations.

3. "**Member of your household**" means any person whose principal place of residence is the same as yours and who is:

   a. related to you by blood, marriage or adoption; or

   b. a ward or foster child.

4. "**Motor vehicle**" means a land **motor vehicle**, trailer or semi-trailer, including farm tractors, trailers and implements:

   a. designed for use principally on public roads;

   b. while being used on public roads, if subject to the motor vehicle registration law or financial responsibility law of the state of principal garaging.

5. "**Personal injury**" means:

   a. bodily injury, sickness or disease, disability or shock including required care, loss of services and death resulting therefrom;

   b. mental anguish or mental injury;

   c. injury arising out of one or more of the following offenses:

      (1) false arrest, detention or imprisonment, or malicious prosecution or humiliation;

      (2) libel, slander or defamation of character; or

      (3) invasion of privacy, wrongful eviction or wrongful entry.

6. "**Property damage**" means physical injury to or destruction of tangible property including loss of its use.

Exhibit 1
Page 12 of 19

P-967/AKEP 10/99

— 1 —

7. "**Retained limit**" means either:

    a. the limit of liability specified in the Schedule of Underlying Insurance of the Declarations for each underlying policy, plus the limit of any other underlying insurance collectible by the **insured**; or

    b. the amount shown under **Retained Limit** in the Declarations, as the result of an **occurrence** not covered by underlying policies of insurance.

8. "**Ultimate net loss**" means the amount paid or payable in settlement of the loss for which any **insured** is held liable by:

    a. court judgment; or

    b. compromise involving our written consent.

    All recoveries and salvage collected will be deducted from this amount.

    "**Ultimate net loss**" does not include:

    a. loss expense or legal expenses (such as attorney's fees and court costs);

    b. salaries of employees; or

    c. office expenses incurred by any **insured**, us, or any underlying carrier.

9. "**Occurrence**" means:

    a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the coverage period, in:

        (1) **personal injury**; or

        (2) **property damage**;

    b. an offense, committed during the coverage period, which results in **personal injury**.

10. "**Residence premises**" means:

    a. for a condominium or cooperative unit-owner or apartment resident:

        the unit where you reside shown as the **residence premises** in the Declarations of this contract;

    b. for all others:

        any of the following premises shown in the Declarations as the **residence premises**:

        (1) the one to four family dwelling, other structures and grounds where you reside in at least one of the family units; or

        (2) that part of any other building where you reside.

## COVERAGES

### PERSONAL LIABILITY

We will pay on behalf of the **insured** for the **ultimate net loss** in excess of the **retained limit** which the **insured** is legally obligated to pay as damages because of covered **personal injury** or **property damage** caused by an **occurrence**.

### DEFENSE COVERAGE

When a claim, which is covered by this policy, is made against any **insured**, and such claim is not covered by the **insured's** underlying policies stated in the Declarations or by any other underlying insurance available for the **insured**, we will, subject to the **retained limits**:

1. Defend any suit against any **insured**, even if it is groundless or fraudulent. And we will investigate, negotiate and settle on behalf of the **insured** any claim or suit as we deem appropriate.

2. Pay premiums for:

    a. bonds to release attachments;

    b. appeal bonds; and

    c. bail bonds;

    up to the limits of the policy. We will not apply for or furnish any such bonds.

3. Pay all:

    a. our expenses;

    b. costs taxed against any **insured** in any suit we defend;

    c. interest accruing after entry of judgment until we have paid, tendered or deposited in court such part of the judgment which does not exceed our limit of liability.

4. Pay reasonable expenses incurred by any **insured** at our request, including loss of earnings (but not loss of other income), up to $100 a day.

5. Any amount awarded by a court as attorney's fees, pursuant to Rule 82 of the Alaska Rules of Civil Procedure, with the following limitation:

    We will pay no more under this section than the amount which would be allowed under Rule 82(b)(1) to the prevailing party in a contested case if the judgment entered, including pre-judgment interest,

were equal to the applicable limits of this policy.

Civil Rule 82(b)(1) provides the following attorney's fees to the prevailing party in contested cases:

> 20 percent of the first $25,000 of a judgment or of a settlement of a claim.
>
> 10 percent of the amount over $25,000 of a judgment or settlement.

This limitation means that some of the attorney's fees awarded by the court may not be covered. The **insured** will have to pay any portion of the attorney's fees that are not covered.

The following table shows the effect of this limitation. The table lists certain typical policy limits and indicates the corresponding maximum amount of attorney's fees that we will cover:

| Policy Limits | Maximum Attorney's Fees We Will Cover |
|---|---|
| $ 25,000 | $ 5,000 |
| 50,000 | 7,500 |
| 100,000 | 12,500 |
| 250,000 | 27,500 |
| 500,000 | 52,500 |

Although Rule 82(b)(1) directs the court in a contested case to award attorney's fees in the amount of 10 percent of the judgment, plus an additional $2,500, Civil Rule 82(b)(3) permits the court to award a greater amount if the facts justify such an increase.

Therefore, it is possible that the court, under some circumstances, could award attorney's fees exceeding the amount indicated in the above table. Nevertheless, we will pay no more than the amount provided in Civil Rule 82(b)(1), with the limitation stated above.

The **insured** will be liable for any attorney's fees in excess of the limitation stated in this endorsement.

> **Example:** If judgment for $250,000 is entered against a person with $100,000 policy limits, the court would add an attorney's fee award of $27,500 (or **more** if the court felt the facts warranted). We would cover only $100,000 of the judgment, and $12,500 of the attorney's fees. The **insured** would be liable to pay the remaining $150,000 of the judgment and $15,000 of the attorney's fees.

We will pay for these expenses (except for claim or suit settlement payments we make) in addition to the applicable limit of liability of this policy. In any country where we are prevented from carrying out this agreement, we will pay any expense incurred with our written consent.

The **insured** shall promptly reimburse us for any amount of **ultimate net loss** paid on behalf of the **insured** within the **retained limit** of liability.

## EXCLUSIONS

This policy does not apply to:

1. Any liability that is payable or must be provided for under a workers' compensation, occupational disease, unemployment compensation or disability benefits law.

2. Any liability arising out of the ownership, maintenance or use, including loading or unloading of:

   a. any aircraft, except aircraft chartered with crew by you or on your behalf. This exclusion does not apply to model aircraft. Any aircraft designed for carrying persons or cargo is not a model aircraft;

   b. any motorcycle, moped, motor scooter, motorized bicycle or similar vehicle:

      (1) licensed for road use; or

      (2) subject to the financial responsibility laws of the garaging state.

   We will, however, cover any **insured** while operating a borrowed or rented motorcycle, as long as it is with the owner's permission, used for the purpose intended and not provided for the regular use of any **insured**;

   c. any watercraft while away from the premises that is owned by any **insured** if the watercraft is:

      (1) powered by an inboard or inboard-outboard motor;

      (2) a sailing vessel (with or without auxiliary power) of 26 feet or more in overall length; or

      (3) powered by one or more outboard motors with more than 25 total horsepower;

      (4) a personal watercraft. Personal watercraft means jet skis, wet bikes or other craft using a water jet pump powered by an internal combustion engine as the primary source of propulsion.

unless, with respect to (1)-(4) above:

    (1)  the watercraft is covered by an underlying policy and stated in the Declarations; and

    (2)  notice is given to us within forty-five days after acquisition of any new watercraft and additional premium is charged.

We will, however, cover any **insured** while operating a borrowed or rented watercraft regardless of size or horsepower, as long as it is with the owner's permission and used for the purpose intended.

3. Any liability arising out of:

  a.  any **business** pursuits or **business** property of any **insured**, except for:

    (1)  the **business** use of a private passenger automobile or owned watercraft, unless used to carry persons or property for a charge.

    (2)  the occasional or part-time self-employed **business** pursuits of any **insured** who is under 23 years of age.

  b.  the rendering of any professional service or the omission of such service by any **insured**.

4. Any liability arising out of the maintenance or use, including loading or unloading, of any non-owned **motor vehicle** regularly used or available for use by you or any **member of your household**, if the **motor vehicle** is not covered by an underlying policy.

5. Any liability arising out of any **insured's** participation in, or preparation or practice for any racing or speed contest or similar competition involving a motorized land vehicle or motorized watercraft including personal watercraft, regardless of whether such contest is spontaneous, prearranged or organized.

This exclusion does not apply to a sailing vessel less than 25 feet in overall length with or without auxiliary power.

6. Any liability assumed by any **insured** under any contract or agreement except any indemnity obligation assumed by the **insured** under a written contract directly relating to the ownership, maintenance or use of the **residence premises.**

7. Any **personal injury** or **property damage** of any **insured** providing home care services to any person on a regular basis by or at the direction of:

  a.  any **insured**;

  b.  any employee of any **insured**;

  c.  any other person actually or apparently acting on behalf of any **insured.**

Regular basis means more than 20 hours per week. This exclusion does not apply to:

  a.  home care services provided to the relatives of any **insured**;

  b.  occasional or part-time home care services provided by any **insured** under 23 years of age.

8. Any liability arising out of the transmission of a communicable disease by any **insured.**

9. Any injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any **insured,** except those caused by violation of a motor vehicle law.

10. Any **personal injury** arising out of sexual molestation or sexual harassment or physical or mental abuse.

11. Any **personal injury** or **property damage** arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance. Controlled substances include but are not limited to cocaine, LSD, marijuana, PCP and all narcotic drugs. However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

12. Any injury sustained by any person as a result of an offense directly or indirectly related to the employment of this person by any **insured,** except domestic employees in the course of their duties related to the maintenance of the **residence premises.**

13. Any **personal injury** or **property damage** for any **insured** who is also covered under any nuclear energy liability policy. This exclusion applies even if the limits of liability of that policy have been exhausted.

14. Any **personal injury** to you or a **member of your household.**

15. Any act or damage which is expected or intended by any **insured,** or which is the foreseeable result of an act or omission intended by any **insured,** which causes **personal injury** or **property damage.** But this exclusion does not apply to **personal injury** resulting from a reasonable action by any **insured** in:

  a.  preventing or eliminating danger in the operation of **motor vehicles** or aircraft; or

  b.  protecting persons or property.

16. Any act or omission of any **insured** as an officer or member of the board of directors of any corporation or organization except a nonprofit corporation or organization.

Exhibit 1
Page 15 of 19

17. Any amounts payable under any Uninsured Motorists, Underinsured Motorists, or Uninsured Watercraft Bodily Injury Coverage.

18. Any **property damage** to:

    a. property owned by any **insured**; or

    b. aircraft rented to, used by or in the care of any **insured**; or

    c. any property rented to, used or occupied by or in the care of any **insured** except to the extent that we have agreed to provide insurance by special endorsement.

19. Any civic or public activities performed for pay by any **insured**.

20. Any loss caused directly or indirectly by war, including undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

21. Any punitive damages awarded against any **insured**.

22. Any liability arising, in whole or in part, out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape, emission, transmission, absorption, ingestion or inhalation of **pollutants** at any time. This includes any loss, cost or expense arising out of any:

    a. request, demand or order that any **insured** or others test for, monitor, abate, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to, or assess, the effects of **pollutants**;

    b. claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, or in any way responding to, or assessing, the effects of **pollutants.**

"**Pollutants**" means:

a. liquid fuels;

b. lead or any materials containing lead;

c. asbestos or any materials containing asbestos;

d. radon;

e. formaldehyde or any materials containing formaldehyde;

f. electric fields, magnetic fields, electromagnetic fields, power frequency fields, electromagnetic radiation or any other electric or magnetic energy of any frequency;

g. carbon monoxide; or

h. any other irritant or contaminant, including vapor, fumes, acids, alkalis, chemicals, radioactive substances and waste.

## CONDITIONS

1. **Limit of Liability.**

    Our liability shall be only for the **ultimate net loss** in excess of the **insured's retained limit.** Regardless of the number of **insureds,** claims made or persons injured, our total liability for all damages resulting from any one **occurrence** shall not exceed the limit of liability stated in the Declarations.

    All **personal injury** and **property damage** resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one **occurrence.** There is no limit to the number of **occurrences** during the policy period for which claim may be made.

2. **Severability of Insurance.**

    This insurance applies separately to each **insured.** This condition shall not increase our limit of liability for any one **occurrence.**

3. **Duties After Loss.**

    a. Upon the happening of an **occurrence** likely to involve us, written notice shall be given as soon as practicable to us or any of our authorized agents. Such notice shall contain:

       (1) particulars sufficient to identify the **insured;**

       (2) reasonably obtainable information regarding the time, place and circumstances of the **occurrence** or injury;

       (3) the names and addresses of the claimants and available witnesses.

    b. If a claim is made or suit is brought against the **insured,** the **insured** shall immediately notify us in writing. Also, forward to the underlying insurers and to us every demand, summons or other process received by the **insured.**

Exhibit 1
Page 16 of 19

c. The **insured** shall cooperate with the underlying insurers as required by the terms of the underlying policies. The **insured** shall cooperate with us and, upon our request, assist in:

(1) making settlements;

(2) conducting of suits;

(3) enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of loss covered by this policy or the underlying policies;

(4) attending hearings and trials;

(5) securing and giving evidence; and

(6) obtaining the attendance of witnesses.

4. **Appeals.**

   If the **insured** or the underlying insurers elect not to appeal a judgment in excess of the underlying limits, we:

   a. may elect to make such appeal at our cost and expense; and

   b. shall be liable for the taxable costs and disbursements and incidental interest.

   In no event shall our liability for **ultimate net loss** exceed the amount set forth in Condition 1, Limit of Liability, and in addition, the cost and expense of such appeal.

5. **Suit Against Us.**

   No action shall be brought against us unless there has been compliance with the policy provisions. No one shall have any right to join us as a party to any action against any **insured**. Further, no action shall be brought against us until the obligation of the **insured** has been determined by final judgment or agreement signed by us.

6. **Bankruptcy or Death.**

   The **insured's** bankruptcy or insolvency shall not relieve us of any of our obligations. If, however, the **insured** dies or becomes bankrupt or insolvent within the policy period, this policy, unless canceled, shall cover your legal representative for the unexpired term.

7. **Payment of Loss.**

   The **insured** may pay the amount of **ultimate net loss** to the claimant with our written consent to effect settlement and, upon submission of proof, we shall indemnify the **insured** for that part of such payment which is in excess of the **retained limit**. Or, we will, upon the **insured's** request, make such payment to the claimant on the **insured's** behalf.

8. **Other Insurance.**

   If other valid and collectible insurance is available to the **insured** covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance.

   Nothing shall make this policy subject to the terms, conditions, and limitations of such other insurance.

9. **Underlying Insurance Exhausted.**

   If the limits of liability on any underlying policies of insurance are exhausted by any **occurrence**, we will assume charge of the settlement or defense of any claim against the **insured** resulting from the same **occurrence**. The provisions of Defense Coverage shall apply.

10. **Policy Period and Territory.**

    This policy applies to **occurrences** happening anywhere during the policy period which is stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

11. **Our Right to Recover Payment.**

    After making payment under this policy, we will have the right to recover from anyone held responsible. The **insured** will sign papers and do whatever is required to transfer the right to us, and do nothing to harm this right.

12. **Waiver or Change of Policy Provisions.**

    A waiver or change of any provision of this policy must be in writing by us to be valid.

13. **Termination.**

    This policy may be canceled as follows:

    a. You may cancel by:

       (1) returning this policy to us; or

       (2) giving us advance written notice of the date cancellation is to take effect.

       We will return the prorated unused share of your premium.

    b. We may cancel:

       (1) for nonpayment of premium, whether payable to us or to our agent or under any finance or credit plan, by mailing at least 20 days in advance a notice to you at the address shown in this policy; or

Exhibit 1
Page 17 of 19

 (2) for any other reason, by mailing at least 31 days in advance, a notice to you at the address shown in this policy.

 We will return the prorated unused share of your premium.

c. We may elect not to renew this policy. We may do so by mailing at least 31 days in advance, a notice to you at the address shown in this policy, indicating the expiration date of this policy.

d. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

14. **Assignment.**

Assignment of this policy shall not be valid unless we give our written consent.

15. **Conflicting Statutes.**

If any of the terms of this policy should conflict with state or local law, the **insured** can enforce them as if the terms had been changed to conform.

16. **Maintenance of Underlying Insurance.**

Each policy, when applicable, as specified in the Schedule of Underlying Insurance of the Declarations, shall be maintained in full effect, without alteration, during the policy period, except for any reduction of the aggregate limit or limits due to payment claims with respect to **occurrences** that take place during the policy period.

If you fail to do so, this policy will not be invalid, but we shall only be liable to the extent that we would have been had you complied with this condition.

If there is no recovery available to you as a result of insolvency of the underlying insurer or by reason of your having breached the contract of underlying insurance, the coverage of this policy shall apply in excess of the applicable limit of liability specified in the Schedule of Underlying Insurance of the Declarations.

17. **Concealment or Fraud.**

This policy will be void if any **insured** has, before or after a loss:

a. intentionally concealed or misrepresented any material fact or circumstances; or

b. made false statements or engaged in fraudulent conduct relating to this insurance.

18. **Liberalization Clause.**

If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state.

This liberalization clause does not apply to changes implemented in the underlying coverage.

Exhibit 1
Page 18 of 19

This policy has been signed by our President and Secretary.

*Mike McGavick*
Mike McGavick, President

*R. A. Pierson*
R.A. Pierson, Secretary

This policy includes copyrighted material of Insurance Services Office, Inc. with its permission.

P-1057/EP 10/93
G6

Exhibit 1
Page 19 of 19