Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,  )<br><br>          Plaintiff,          )<br><br>vs.                                )<br><br>LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor,  )<br><br>          Defendants.          ) | Case No. 3:06-cv-15-RRB |

SAFECO INSURANCE COMPANY OF
AMERICA'S COMBINED OPPOSITION AND REPLY
RE: CROSS MOTIONS FOR SUMMARY JUDGMENT


The issue in this case is rather simple, despite the convoluted arguments made in Morgan's cross motion for summary judgment.  At the time that Morgan's potential claim for UIM benefits under his umbrella policy first accrued in December 2005, when all underlying insurance policies had been exhausted by settlement, the umbrella policy did not provide UIM coverage,

nor did any Alaska authority then require that the policy be reformed to impute such coverage into the policy.

Morgan's opposition and cross motion for summary judgment contains a section entitled "statement of facts" that only loosely meets this definition. There is no citation to any document or affidavit supporting any statement made in the first four pages of the purported statement of facts. The court need not accept any of these statements as true facts without evidence in the record to support them. Fed. R. Civ. Proc. 56(e); see, e.g. Hernandez v. Spacelabs Medical Inc., 343 F.3d 1107, 1112 (9th Cir. 2003). Safeco will not respond to these unsupported allegations in its combined reply and opposition to Morgan's cross motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce, anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.")

The major failing in Morgan's argument is that it ignores the fact that, prior to December 2005, he had no UIM claim to assert against the policy at issue here, and thus no contractual right to claim any supposed UIM benefits. Until all other policies were exhausted by settlements or judgments, Morgan

simply had no UIM claim to pursue.  <u>Curran v. Progressive</u>
<u>Northwest. Ins. Co.</u>, 29 P.3d 829, 834-35 (Alaska 2001);
AS 28.20.445(e)(1).


    The date of accrual of his UIM claim is significant,
not just for purposes of measuring the time within which Morgan
could assert that claim, but also to determine what legal rights
existed at that time under the parties' contract.  Implicit
throughout Morgan's arguments is the idea that the parties'
rights under the contract should only be evaluated at the time
the policy is issued.  If that were the case, the policy would
not cover UIM claims at all, as they are specifically excluded by
the policy's terms.  Ex. A at p. 16.  Morgan obviously desires to
reform the policy to conform to the Alaska Supreme Court's
decision in <u>Holderness v. State Farm Fire and Cas. Co.</u>, 24 P.3d
1235, 1241 (Alaska 2001), a decision made after the issuance of
this policy in 2000, but Morgan would then ignore the
legislature's subsequent undoing of that court-imposed rule.


    Morgan attempts to confuse the issue of when his UIM
claim was first asserted.  Safeco does not dispute that Morgan
pursued a claim for the $100,000 in primary UIM auto insurance
benefits before his current UIM claim arose.  When his claim for
UIM coverage under his <u>primary</u> policy arose, or how that
particular claim was adjusted, are not at issue here.  What is at

issue here is the date his UIM claim under the umbrella policy
accrued, and what Morgan's legal rights were at that time.

There is no genuine dispute concerning when Morgan's
current claim arose.  The primary $100,000 UIM policy limits were
paid in December, 2005, shortly following Morgan's November 9,
2005 settlement with the third-party tortfeasor.  See, Complaint,
Dkt. 1 at ¶¶ 9-10; Answer, Dkt. 4 at ¶ 10.  Morgan agrees
(1) that November 9, 2005 is the date on which USAA paid the
limits of the tortfeasor's liability insurance (see, Morgan's
Opposition and Cross Motion for Summary Judgment, Dkt. 15 at
p. 7), and (2) that Safeco paid the $100,000 limits of Morgan's
UIM coverage in December, 2005. Answer, Dkt. 4 at ¶ 10.  The fact
Morgan cannot escape, and the key fact he does not address in his
opposition and cross motion, is that, at the time his UIM claim
accrued in 2005, the Holderness rule was no longer in effect and
his policy could not then be reformed to conform to that
superseded rule.

In Holderness, the Alaska Supreme Court based its
holding upon an inconsistency between the Alaska Mandatory
Insurance Act, AS 28.22, which excluded umbrella policies from
the definition of the term "automobile insurance policy," and the
Motor Vehicle Safety Responsibility Act, AS 28.20, which did not
specifically exclude umbrella policies from that definition.  In

2004, the Alaska legislature corrected that inconsistency by making explicit the exclusion of umbrella policies from the definition of the term "automobile insurance policy" in all cases by adding that language to AS 21.89.020.

Contrary to Morgan's assertion, this clarification of a statutory definition does not constitute a "change relating to coverage under an insurance contract,"[1] as the policy by its terms would already have excluded UIM claims[2].  The 2004 clarification of the statutory definition simply ceased the practice of reforming umbrella policies by judicial decision.  In order to grant Safeco's motion, the court need not, as Morgan suggests, apply AS 21.89.020(i) retrospectively.  Safeco seeks a prospective application of that statutory definition of "automobile liability policy" to an umbrella policy under which a claim for UIM coverage is being made for the first time in 2005.

All of Morgan's arguments assume that Morgan possessed a claim for UIM benefits <u>before</u> the legislature clarified that umbrella policies like the one at issue here are not "automobile insurance policies."  In essence, Morgan asks this court to find that, if he would have had a UIM claim prior to October 2004, his umbrella policy would have then been reformed pursuant to

---

[1] AS 21.42.265

<u>Holderness</u> to cover that claim.  He reasons that his policy should likewise be reformed to cover a UIM claim which first accrued in 2005, long after the <u>Holderness</u> rule had been superseded by legislative action.

Morgan's citation of cases from Oregon and Ohio is unpersuasive.  In particular, the Ohio authority cited by Morgan, <u>Ross v. Farmers Ins. Group of Cos.</u>, 695 N.E.2d 732 (Ohio 1998), runs contrary to clear Alaska authority in <u>Curran v. Progressive Northwest. Ins. Co.</u>, 29 P.3d 829 (Alaska 2001).  In <u>Ross</u>, the Ohio court based its decision to apply a time of contracting analysis on a distinction between an obligation to pay UIM benefits and the accrual of plaintiff's right to make a UIM claim.  <u>Curran</u> makes no such distinction, and instead clearly states that AS 28.20.445(e) requires that available insurance be used up before a claimant may proceed with a UIM claim.  29 P.3d at 834.  The court clearly <u>did</u> address claim accrual when it phrased the issue in these terms, going so far as to say that all underlying insurance must be exhausted "before UIM insurance would come into effect."  <u>Id</u>. at 833.  Black's Law Dictionary defines the term "accrue" in these very terms:

---

[2] Exclusion 17 to the policy, Safeco's Ex. A, p. 16; Morgan's Ex. 1, p. 16.

SAFECO'S MOTION FOR SUMMARY JUDGMENT
Safeco Insurance Company of America v. Loren Morgan, et al
Case No. 3:06-cv-15-RRB
Page 6 of 11

> to arise, to happen, to come into force or
> existence; to vest; as in the phrase, "The cause
> of action did not *accrue* within six years."

Black's Law Dictionary 19 (5th ed. 1979)  For Morgan to argue that
Curran did not address accrual of a UIM claim is disingenuous,
and clearly not supported by the language of the court's
decision.

Morgan's reliance on the Oregon case, Savage v. Grange
Mut. Ins. Co., 158 Ore.App. 86, 970 P.2d 695 (1999), is likewise
misplaced.  That court's decision to imply coverage by operation
of law from the outset of the policy is not the remedy that
Alaska courts have employed in cases involving alleged failures
to offer UM/UIM insurance.  The Alaska cases that have dealt with
the remedy for a lack of an offer of UM/UIM insurance have all
spoken in terms of reforming the policy.  See, e.g. Holderness,
24 P.3d at 1241; State Farm Mut. Auto. Ins. Co. v. Harrington,
918 P.2d 1022, 1025 (Alaska 1996)(and cases cited therein).
Morgan's right to seek reformation must be viewed at the time his
right to make a UIM claim first arose, in 2005.

The unreported order filed in Allstate Ins. Co. v.
Prosser, 3:03-cv-60-JWS, and submitted by Morgan as Exhibit 10
provides no guidance here, as the issues now being litigated were

not addressed at all in Judge Sedwick's order on summary
judgment.  The order gives no indication that the parties briefed
or that the court had any reason to consider the issue of the
date of the accrual of the UIM claim under the umbrella policy.
The court's reference at note 13 suggests that Allstate was not
litigating the issue of whether that UIM policy should be
considered an automobile policy under Holderness.  The only thin
basis for Morgan to find hope in this opinion is Judge Sedwick's
use of the phrase in footnote 11 that "coverage is available by
operation of law."  Ex. 10, p. 4.  This bit of dicta is
insignificant when compared to the Alaska Supreme Court's
continual use of the term policy reformation in the cases cited
above.

     Morgan's resort to legislative history is of no help,
either.  The brief and somewhat cryptic comments found in the
legislative history shed no light on the question of whether the
legislature considered how the amendment to AS 21.89.020 would
affect a UIM claim which had not yet accrued under a policy
originally issued and renewed prior to the Alaska Supreme Court's
decision in Holderness.  In the present case, legislative history
is of no assistance in deciding whether this court should apply
the statute in effect at the time the claim arose or to rely on a
case that statute superseded, in determining whether Morgan has a
valid UIM claim under his umbrella policy.

The statutes cited by Morgan do not support his position at all.  In fact, those statutes suggest the opposite of what Morgan proposes.  Alaska Stat. 01.10.100(a), for example, provides in relevant part that the "amendment of a law does not release or extinguish any . . . liability incurred or right accrued or accruing under that law" unless the statute expressly so provides.  Morgan had no right to make a UIM claim under his umbrella policy at the time AS 21.89.020 was amended in 2004.  The addition of subsection (i) to AS 21.89.020 could not extinguish any "accrued or accruing" right Morgan had to assert a UIM claim under his umbrella policy.  That contractual claim had not yet accrued.  As the Alaska Supreme Court long ago proclaimed, the term "right accrued or accruing" is limited to vested rights, Bidwell v. Scheele, 355 P.2d 584, 586-87 (Alaska 1960), thus the withdrawal of a contractual remedy is not the kind of deprivation of a vested right that AS 01.10.100 was designed to protect.  Morgan cannot rely upon AS 01.10.100 to argue that he lost some right vested at the time of the legislative change.

Likewise, Morgan's brief reference to AS 21.42.265 near the end of his brief is of no assistance to him.  He suggests that the amendment adding 21.89.020(i) in 2004 should only apply to Morgan's umbrella policy renewed after the effective date of

that statute.  As Safeco has already discussed, the change in statutory definition accomplished by AS 21.89.020(i) simply made clear the legislature's intention to not include umbrella policies in the definition of "automobile insurance policy." This definitional change did not effect a change to an existing policy, since the policy already excluded UIM claims by its express terms.

For these reasons, Safeco respectfully requests that the court grant it summary judgment, finding that Safeco Policy No. UH1417077 provides no coverage for a UIM claim arising out of an automobile accident that occurred on January 3, 2002, when the UIM claim in question did not accrue until after the legislature had removed umbrella policies from the definition of "automobile insurance policy."

DATED at Anchorage, Alaska, this 10th day of July, 2006.

GUESS & RUDD P.C.
Attorneys for Plaintiff

By: _____s/Gary A. Zipkin_____
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska  99501
        Phone: 907-793-2200
        Fax:   907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

SAFECO'S MOTION FOR SUMMARY JUDGMENT
Safeco Insurance Company of America v. Loren Morgan, et al
Case No. 3:06-cv-15-RRB
Page 10 of 11

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the
10th day of July, 2006, a copy
of the foregoing document was served
electronically on:

      Michael R. Wirschem, Esq.

Guess & Rudd P.C.


By:  <u>  s/Gary A. Zipkin   </u>

F:\DATA\5500\182\pleading\15 opp reply re msj.doc