Michael R. Wirschem, Ak Bar #95-11049
LAW OFFICE OF CRIS W. ROGERS
2600 Denali Street, Suite 711-B
Anchorage, Alaska 99503
Phone:   907.565.5663
Fax:     907.565.5684
E-mail: mikewirschem@gmail.com

Attorneys For The Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor, <br><br> Defendants. | Case No. 3:06-cv-15-RRB |

**DEFENDANTS' REPLY TO SAFECO'S OPPOSITION TO CROSS MOTION FOR SUMMARY JUDGMENT**

The Defendants stand firmly on their cross motion briefing. Safeco's opposition dances around the policy terms, coverage mandated by statute and subsequent legislative enactment issue dispositive on summary judgment. Safeco has not offered any legal authority that supports its position, and its opposition implicitly concedes coverage and summary judgment in the Defendants' favor as a matter of law.

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

Page 1 of 8

Safeco's opposition fails to explain adjuster Sharon Brink's repeated written admissions made prior to exhaustion of the tortfeasor's liability coverage that she was handling Dr. Morgan's UIM claim in July and August of 2004. Exhibits 4-5.

Safeco offers no response to the fact that Dr. Morgan's policy terms establish coverage for occurrences resulting in personal injury during the policy period. Exhibit 1, pp. 13, 17.

Safeco's opposition does not even mention policy Paragraph 15, "Conflicting Statutes", which expressly provides Dr. Morgan with the right to enforce the terms of his umbrella policy as if its terms had been changed to conform to the coverage mandated by AS 21.89.020(a) and (c). Exhibit 1, p. 18.

Safeco's contention on page 3 of its opposition that "Morgan obviously desires to reform the policy to conform" with Holderness is incorrect. Dr. Morgan's cross motion repeatedly emphasizes that Safeco violated the equal limits offer required by AS 21.89.020(c), and as a result Dr. Morgan had two remedies for Safeco's offer violation, one found expressly in Paragraph 15 of his policy, and the other provided by AS 21.89.020(a)'s requirement that the policy "must contain" equal UIM limits.

Safeco's opposition at page 7 attempts to distinguish coverage by operation of law and coverage by reforming the policy. Reformation, strictly speaking, is equitable relief appropriate when a writing, because of fraud or mutual mistake,

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

incorrectly expresses the true intention of the parties. <u>Savage v. Grange Mutual Insurance Company</u>, 158 Ore.App. 86, 970 P.2d 695, 698 (Oregon App. 1999). The court in <u>Savage</u> noted from its previous cases that "the single reference to "reformed" appears to have been merely shorthand for the imputation of coverage." <u>Id.</u> at 699. The court in <u>Savage</u> states:

> We thus conclude that, under <u>Blizzard</u>, the insurer's breach of its statutory duty to offer UIM coverage does not merely give rise to some inchoate entitlement to seek reformation but, instead, results in the imposition of UIM coverage *ab initio* by operation of law.

<u>Id.</u> at 699.

Neither <u>Holderness</u> or <u>Harrington</u> provided equitable relief for fraud or mistake; rather, both cases held that an insurance policy must provide coverage mandated by AS 21.89.020. <u>Holderness</u> states that AS 28.22.121(b)'s exemption cannot nullify the independent coverage requirement imposed on insurers by AS 21.89.020. <u>Holderness v. State Farm Fire & Casualty Company</u>, 24 P.3d 1235, 1240 (Alaska 2001).

In the instant case, Safeco's failure to offer equal limits of UIM coverage to Dr. Morgan did not nullify the independent coverage requirement mandated by operation of statutory law AS 21.89.020. Dr. Morgan's right to coverage does not depend on obtaining a judicial order to reform his policy. Paragraph 15 of the policy and AS 21.89.020 conform his policy to provide coverage as a matter of law. Even if the <u>Holderness</u> case had

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

never existed Safeco would still be obligated to provide Dr. Morgan with UIM umbrella coverage.

Safeco's opposition at page 5 contends that the policy by its terms excluded UIM claims without offering any rebuttal to the fact that Paragraph 15 of the policy nullified the exclusion when the policy was written to comply with AS 21.89.020's coverage mandate. <u>Hillman</u>, <u>Burton</u>, <u>Hughes</u>, <u>Harrington</u>, and <u>Holderness</u> all preclude Safeco's reliance on an exclusion that would provide less coverage than required by the statute.

Safeco also contends that all of Dr. Morgan's arguments assume that he possessed a claim for UIM benefits before October 24, 2004. To the contrary, whether or not he possessed a "claim" for UIM benefits before October 24, 2004, is irrelevant to his coverage. The legislature's addition of AS 21.89.020(i) did not say the subsection applied to umbrella claims that accrue after .020(i)'s effective date, and Safeco cannot read such a provision into the legislative enactment. Moreover, Dr. Morgan's right to coverage is based on the overwhelming legal authority confirming he had $1,000,000 in UIM umbrella **coverage** on which to draw for personal injuries that occurred during the policy period regardless of whether his "claim" or demand for payment of benefits was submitted to Safeco on October 23, 2004, October 25, 2004, or in December 2005.

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

Page 4 of 8

Safeco cannot escape the fact that Dr. Morgan's policy is not a "claims made" policy. If Dr. Morgan's umbrella was indeed a "claims made" policy the availability of **coverage** would be based on when a **claim** is made-- the position Safeco impermissibly has taken in the instant case. To the contrary, Dr. Morgan's policy indisputably covers personal injury **occurrences** between April 10, 2001, and April 10, 2002 as a matter of law. The policy does not contain any contractual time limitation within which a demand for payment of UIM benefits must be submitted, and the date his claim accrued is irrelevant to the coverage the policy provides.

Safeco's opposition at page 5 glosses over the legal significance between a legislative change versus legislative clarification without even mentioning the supreme court's rejection of Nationwide's attempt to rely on a purported clarification of pre-existing law in Hillman v. Nationwide Mutual Fire Insurance Company, 758 P.2d 1248, 1252 (Alaska 1988). Neither does Safeco offer any rebuttal to Dr. Morgan's reliance on the supreme court's refusal in Burton v. State Farm Fire & Casualty Company, 796 P.2d 1361, 1363 (Alaska 1990), to apply a subsequently enacted statute to an existing insurance policy.

Safeco's brief dismissal of Ross v. Farmers Insurance Group of Companies, 82 Ohio St.3d 281, 287, 695 N.E.2d 732, 736 (Ohio

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

1998) as contrary to clear Alaska authority in <u>Curran</u> is incorrect and ignores the Ohio Supreme Court finding that:

> In any event *Kraly* should not be read to stand for the proposition that claimants' rights to underinsured motor *coverage* are contingent upon satisfaction of contractual preconditions to such coverage. An automobile liability insurance policy will typically require exhaustion of the proceeds of a tortfeasor's policy before the right to *payment* of underinsured motorist benefits will occur. However, the date that exhaustion of the tortfeasor's liability limits occurs is not determinative of the applicable law to a claim for underinsured motorist coverage.

<u>Id</u>. (Italics in the original).

The Ohio Supreme Court's analysis directly refutes Safeco's position in the instant case. Moreover, <u>Curran v. Progressive Northwestern Insurance Company</u>, 29 P.3d 829, 833 (Alaska 2001) says that a UIM claimant must exhaust or use up "all underlying coverage before <u>recovering</u> under a UIM policy." (Emphasis added). The court never mentions when a UIM claim "accrues", nor does <u>Curran</u>'s holdings rejecting a credit or a settlement for less than liability policy limits have any bearing on the coverage and subsequent statutory amendment issues presented in the case at bar.

Contrary to Safeco's opposition, Judge Sedwick's opinion in <u>Allstate Insurance Company v. Prosser</u>, 3:05-cv-60-JWS, does support Dr. Morgan's position. Judge Sedwick states: "coverage

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

is available by operation of law", and he cites to Holderness. Exhibit 10, p. 5.

Safeco's opposition contains no mention or rebuttal to Dr. Morgan's reliance on Ormsbee v. Allstate Insurance Company, 176 Ariz. 109, 859 P.2d 732, 736 (Arizona 1993), wherein the Arizona Supreme Court held that Allstate's failure to offer UM/UIM coverage "results in imputation of the coverage to the policy as a matter of law." Safeco's opposition also fails to address the Arizona Supreme Court's rejection of Allstate's motion for reconsideration. Ormsbee v. Allstate, 865 P.2d 807-808.

Safeco further ignores Bills v. United States Fidelity & Guaranty Company, 280 F.3d 1231, 1236 (9th Circuit 2002) and Castillo v. Miller's Mutual Fire Insurance Company, 200 Ariz. 211, 25 P.3d 13 (Arizona App. 2001).

Safeco's opposition at page 8 contends that legislative history is of no help without any analysis of Mr. Lessmeier's testimony that State Courts have ruled that THESE COVERAGE OFFERS MUST BE PROVIDED FOR "umbrella policies", and that the technical change to AS 21.89.020 concerns the requirement for mandatory uninsured/underinsured **OFFERS** be limited to the primary policy[.]" Exhibit 12, pp. 2-3. (Emphasis Added).

Nor does Safeco refute the fact that the Act does not contain any express application to policies or coverage before the Act's effective date. Dr. Morgan's contractual right to UIM

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax

coverage mandated by AS 21.89.020 vested the day the policy was sold, and the legislature has done nothing to change that fact.

Safeco's opposition at page 10 first concedes that the addition of AS 21.89.020(i) accomplished a change to the statute. Safeco then improperly contends that adding subsection .020(i) "simply made clear the legislature's intention" without acknowledging the court's rejection of an insurer's "clarification" argument in Hillman.

To conclude, the Defendants stand firmly on their cross motion briefing.

RESPECTFULLY SUBMITTED this 13th day of July, 2006, at Anchorage, Alaska.

LAW OFFICE OF CRIS W. ROGERS
Attorneys For the Defendants

_____
Michael R. Wirschem
Alaska Bar No. 9511049

CERTIFICATE OF SERVICE
I certify that on this 13th day of July, 2006, a true and correct copy of the foregoing document was served by courier hand delivery to:

Gary A. Zipkin
Guess & Rudd, P.C.
510 L Street, Suite700
Anchorage, AK 99501

_____
Michael R. Wirschem

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
(907) 565-5663 ph
(907) 565-5684 fax