IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAFECO INSURANCE COMPANY OF
AMERICA,

        Plaintiff,

vs.

LOREN MORGAN and
MELODY MORGAN, individually
and as parents of
EVAN MORGAN, a minor.

        Defendants.

Case No. 3:06-cv-0015-RRB

**ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

Before the Court are cross-motions for summary judgment.
Plaintiff Safeco Insurance Company of America ("Safeco") contends
that its personal umbrella policy number UH1417077 (the "Policy"):
(1) does not explicitly provide coverage for underinsured motorist
("UIM") claims[1]; and (2) UIM claims made in conjunction with the
Policy are contrary to the language contained in Alaska Statute

---

[1]    Docket 12 at 2.

21.89.020(I).[2]   As  a  result,  Safeco  further  contends  summary

judgment  is  appropriate  because  the  Policy  does  not  provide  UIM

coverage  as  a  matter  of  law.

Defendants  Loren  Morgan,  D.C.,  and  Melody  Morgan,

individually  and  as  parents  of  Evan  Morgan,  a  minor  (hereinafter

collectively  referred  to  as  "the  Morgans"),  oppose  at  Docket  15  and

argue  they  are  entitled  to  summary  judgment  because  the  Policy,  in

combination  with  the  relevant  statutory  language  at  the  time  of  the

accident,  provided  UIM  coverage.   The  Morgans  are  correct.

## II.  FACTS

The  Morgans  purchased  the  Policy  from  Safeco  on  April  10,

2000.   The  initial  policy  period  was  April  10,  2000,  through

April  10,  2001,  and  was  renewed  each  year  through  the  present.[3]

On  January  3,  2002,  Dr.  Morgan's  vehicle  was  rear-ended

by  Allison  Weeks.   The  double  impact  collision  caused  debilitating

injuries  to  Dr.  Morgan's  cervical  spine.[4]   On  November  9,  2005,

USAA  Insurance  Co.  paid  Ms.  Weeks'  liability  policy  limits  to

Dr.  Morgan.[5]   On  December  15,  2005,  Safeco  tendered  Dr.  Morgan's

---

[2]    Id.  Alaska  Stat.  §  21.89.020(I)  provides:  "In  this
section,  'automobile  liability  insurance'  does  not  include  coverage
provided  only  on  an  excess  or  umbrella  basis."

[3]    Docket  15  at  2.

[4]    Id.  at  4.

[5]    Id.  at  7.

auto UIM policy limits.[6]  The next day, the Morgans made a written demand for payment of their umbrella UIM policy limits.[7]  Safeco denied coverage and filed the present action, arguing, among other things, that such a claim is contrary to the language contained in Alaska Stat. § 21.89.020(I).[8]

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[9]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[10]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[11]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable

---

[6]    Id.

[7]    Id.

[8]    See supra text accompanying note 2.

[9]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[10]    Id. at 323-325.

[11]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

inferences must be drawn in favor of the non-movant.[12]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[13]

## IV.  DISCUSSION

The Policy provides the following unequivocal language: "This policy does not apply to: . . . [a]ny amounts payable under any Uninsured Motorists, Underinsured Motorists, or Uninsured Watercraft Bodily Injury Coverage."[14]  The Policy further provides, "If any of the terms of this policy should conflict with state or local law, the _insured_ can enforce them as if the terms had been changed to conform."[15]

On June 21, 2002, the Alaska Supreme Court issued its decision in _Holderness v. State Farm Fire and Cas. Co.,_ 24 P.3d 1235 (Alaska 2001), holding that a personal umbrella policy qualifies as automobile liability insurance under Alaska's insurance code and, without either an equal limits UM/UIM offer under Alaska Stat. § 21.89.020(c) or waiver per section .020(e),

---

[12]    _Id._ at 255.

[13]    _Id._ at 248-9.

[14]    Docket 12, Ex. A at 14 & 16.

[15]    Docket 15, Ex. 1 at 18 (emphasis in original).

the policy was reformed to provide the UM/UIM coverage mandated by Alaska Stat. § 21.89.020(a).[16]

As a result of this decision, Paragraph 15 of the Policy, in conjunction with then existing Alaska Stat. § 21.89.020, conformed the Policy to provide UIM coverage as a matter of law.[17] Indeed, <u>Holderness</u> makes it clear that the Morgans' UIM coverage extended to the Policy as early as April 10, 2000, and until October 24, 2004, when the law was changed and the Alaska State Legislature adopted Alaska Stat. § 21.89.020(I), and made explicit the exclusion of umbrella policies from the definition of the term "automobile insurance policy" in all cases.[18] Consequently, had Defendants' accident occurred on or after October 24, 2004, it is likely that the Policy would not have provided coverage as a matter of law. The question here, however, is what happens if UIM coverage existed at the time of the accident but not later when the UIM coverage "accrued."

The Court concludes that <u>it is the Policy coverage as it existed at the time of the accident that determines whether</u>

---

[16]    <u>Id.</u> at 4.

[17]    Docket 20 at 3.  <u>See</u> <u>Holderness v. State Farm Fire and Cas. Co.</u>, 24 P.3d 1235, 1240 (Alaska 2001); <u>Allstate Ins. Co. v. Prosser</u>, 2006 WL 463873, at *3 (D. Alaska 2006)("Allstate acknowledges that under <u>Holderness v. State Farm</u>, . . . an umbrella liability policy is deemed to be an automobile policy and as such it includes UM coverage.").

[18]    Docket 19 at 4-5.

<u>Defendants are entitled to the UIM coverage they seek</u>, and not the coverage that existed when UIM entitlements actually became accessible. Therefore, the Policy provided for $1,000,000 in UIM coverage.   While the Court acknowledges this to be a close question, it is highly likely that the Alaska Supreme Court would so rule, given the rationale expressed in <u>Holderness</u> and the need for consistency and predictability in these matters and the reasonable expectations of the insured, and the fact that the legislature failed to provide for a retroactive application of Alaska Stat. § 21.89.021(I).

**V.    CONCLUSION**

Inasmuch as the Court concludes the Policy, in conjunction with then applicable statutory law, provided UIM coverage at the time of the accident, Safeco's Motion for Summary Judgment at **Docket 12** is hereby **DENIED** and the Morgans' Cross-Motion for Summary Judgment at **Docket 15** is hereby **GRANTED**.[19]

ENTERED this 4th day of December, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[19]    The Court notes that the primary issue contained herein may have been more appropriately addressed by the Alaska Supreme Court.  However, because neither of the parties requested that the matter be certified to said Court, the issue was resolved with a steadfast belief that the Alaska Supreme Court, if presented with the same issue, and consistent with its thinking in  <u>Holderness</u>, would likely rule consistent herewith.