Michael R. Wirschem, Ak Bar #95-11049
LAW OFFICE OF CRIS W. ROGERS
2600 Denali Street, Suite 711-B
Anchorage, Alaska 99503
Phone:   907.565.5663
Fax:     907.565.5684
E-mail: mikewirschem@gmail.com

Attorneys For The Defendants

RECEIVED
FEB 21 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor, <br><br> Defendants. | Case No. 3:06-cv-15-RRB |

**MOTION FOR ATTORNEY FEES**

COMES NOW the Defendants in the above-captioned action, by and through their attorneys, the LAW OFFICE OF CRIS W. ROGERS, pursuant to D.Ak. LR 54.3 and Rule 82, Alaska Rules of Civil Procedure, to request an award of $23,235, which is 75% of their reasonable, actual attorney fees incurred in this action. This motion is supported by the Affidavit Of Counsel In Support Of Attorney Fees and Exhibit 1 filed herewith.

On December 4, 2006, this Court issued its ruling in favor of the Defendants and entitled "Order Regarding Cross-Motions For

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

Summary Judgment."[1]  The Court's Judgment In A Civil Case was rendered February 15, 2007, and stated in part that Defendants "recover of the plaintiff SAFECO INSURANCE COMPANY OF AMERICA their costs of action."[2]

**LAW GOVERNING DEFENDANTS' MOTION FOR ATTORNEY FEES**

D.Ak. LR 54.3(b) directs the Court to apply Rule 82, Alaska Rules of Civil Procedure, in making an award of attorney fees in diversity cases.  Rule 82(b)(2) provides in relevant part:

> (2)  In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.

Furthermore, Rule 82(b)(3) empowers the court to vary an attorneys's fee award calculated under subparagraph (b)(2) of the rule if, upon consideration of the factors listed as (A)-(K), the court determines a variation is warranted.

Trial courts have broad discretion in awarding attorney's fees.  United Services Automobile Association v. Pruitt, 38 P.3d 528, 531 (Alaska 2001).  In the Pruitt case the parties litigated a coverage exclusion that was decided in favor of Pruitt by the trial court on summary judgment.  Pruitt, 38 P.3d at 530.  The trial court awarded Pruitt $48,468.75 for his attorney's fees in

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[1] Docket 28.

[2] Docket 34.

the declaratory judgment action concerning coverage and noted that under the circumstances an award of 75% of Pruitt's actual fees incurred, $63,825, was reasonable. Pruitt, 38 P.3d at 531.

USAA appealed the trial court's award of attorney's fees, but the Alaska Supreme Court affirmed. Pruitt, 38 P.3d at 535. The supreme court noted:

> [I]n general, a trial court has broad discretion to award Rule 82 attorney's fees in amounts exceeding those prescribed by the schedule of the rule, so long as the court specifies in the record its reasons for departing from the schedule.

Pruitt, 38 P.3d at 535 (citation omitted).

The supreme court's approval of the trial court's award of $48,468.75 in Pruitt, 75% of actual fees incurred in a declaratory judgment coverage dispute decided on summary judgment, under the Rule 82(b)(3) factors, warrant an award of $23,235, 75% of the $30,980 in actual attorney's fees incurred, as requested by the Defendants in the instant case.

## LEGAL ANALYSIS

The UIM coverage and subsequent legislative enactment issues decided by this Court on summary judgment were of substantial importance to both parties, and resolution of these issues provides a beneficial effect to the public. As noted in Pruitt[3], when the trial court resolves unique and vigorously contested coverage issues a variation in fees awarded per Rule 82(b)(3)(A) is justified.

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[3] Id. at 535.

The <u>Affidavit Of Counsel In Support Of Motion For Attorney Fees</u> (hereinafter "<u>Affidavit</u>") provides a detailed basis for this Court to find that the hourly rate and number of hours expended by the Defendants' counsel were reasonable. Rule 82(b)(3)(C); <u>Affidavit</u>, ¶s 2, 4. In the instant case the 154.9 hours worked and total of $30,980 billed is less than one-half of the $63,825 billed by the Plaintiff's attorney in <u>Pruitt</u>. As the court found in <u>Pruitt</u>, this Court should also find that the Defendants' efforts were effective and efficient. <u>Pruitt</u>, 38 P.3d at 535.

The Defendants' request for fees based on the actual time worked by one attorney warrants a variation and increased award of fees per Rule 82(b)(3)(D). By comparison, the Plaintiff has used the services of four attorneys in this case: Gary Zipkin, Greg Silvey, Robert Richmond and Ken Gutsch.

Although attorney Cris Rogers has also worked on the case for the Defendants, the instant motion does not include any of his hours worked so as to minimize fees per Rule 82(b)(3)(E). <u>Affidavit</u>, ¶ 1. In addition, from May 27th through May 30th the undersigned worked rigorous morning to night days over the quiet holiday weekend on the Defendants' opposition to summary judgment and cross motion for summary judgment. <u>Affidavit</u>, p. 4. However, over 12.0 billable hours worked during that time are not included in the Defendants' motion in an effort to minimize fees per Rule 82(b)(3)(E). <u>Affidavit</u>, p. 4 (05.27-05.30 entries).

The relationship between the amount of work performed and the significance of the matters at stake in this case is a factor

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

that strongly warrants a variation in the Defendants' favor under Rule 82(b)(3)(H). At stake in this case was the difference between $1,000,000 in bodily injury coverage versus no coverage, i.e. $0.00. The $30,980 of work performed, <u>Affidavit</u>, ¶ 5, is just over 3% of the $1,000,000 in UIM coverage the Court found the Policy provides.[4] In comparison, the supreme court in <u>Pruitt</u> affirmed an award of 75% of $63,825 total fees incurred by the prevailing party in a coverage dispute where the amount at stake was initially the $229,535 judgment which was later reduced in arbitration to $47,975. <u>Pruitt</u>, 38 P.3d at 530-531.

There are relevant equitable factors warranting a variation in the attorney's fees awarded in this case. Rule 82(b)(3)(K). Safeco sued its insured, forcing the Defendants to answer and defend a lawsuit in federal court against a corporation with far superior resources. The Defendants invested considerable attorney time into their case and prevailed. In doing so the Defendants afforded Safeco the opportunity to clarify UIM coverage and legislation issues as a matter of law. Under these circumstances it is equitable for Safeco to reimburse the Defendants for the attorney's fees they were forced to incur in this case.

Two provisions of the Policy are also relevant equitable factors per Rule 82(b)(3)(K) in support of a deviation from standard Rule 82(b)(2) attorney's fees. First, the Policy

---

[4]   Docket 28 at 6.

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

provides "DEFENSE COVERAGE" for "any suit against any **insured**".[5] The instant action by Safeco was a suit against its insured.

Second, the Policy promises to "Pay reasonable expenses incurred by any **insured** at our request".[6] Filing suit against its insured to determine coverage issues in court qualifies as a request to incur expenses under the terms of the Policy. Safeco should now pay the attorney's fees incurred.

### CONCLUSION

The Defendants' request for payment of $23,235, 75% of their reasonable, actual attorney fees incurred in this action, is warranted under the Rule 82(b)(3) factors discussed above and United Services Automobile Association v. Pruitt.

The Court is respectfully requested to issue an order for an award of attorney's fees in the amount of $23,235 due within 10 days, and to explain the reasons the Court deems the award justified under Rule 82(b)(2)(3) factors (A)-(K).

RESPECTFULLY SUBMITTED this 21st day of February, 2007, at Anchorage, Alaska.

LAW OFFICE OF CRIS W. ROGERS
Attorneys For The Defendants

Michael R. Wirschem
Alaska Bar No. 9511049

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[5] Docket 15, Ex. 1 at 13.

[6] Docket 15, Ex. 1 at 13.

CERTIFICATE OF SERVICE
I hereby certify that on this 21st day of February, 2007, a true and correct copy of the foregoing w/ Exhibit 1 was sent by messenger (and courtesy copy via fax) to the Plaintiff's attorneys of record as follows:

| | |
|---|---|
| Gary Zipkin | Kenneth M. Gutsch |
| Guess & Rudd, P.C. | Richmond & Quinn |
| 510 L. St.  Suite 700 | 360 K Street, Suite 200 |
| Anchorage, AK 99501 | Anchorage, AK 99501 |
| Fax: 907.793.2299 | Fax: 907.276.2953 |

*/s/ Nicole Ruekes*
Law Office Of Cris W. Rogers

**LAW OFFICE OF
CRIS W. ROGERS**
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax