Kenneth M. Gutsch, Esq.
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
kgutsch@richmondquinn.com


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor,<br><br>                    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-0015 (RRB)<br>)<br>)<br>)<br>) |

**SAFECO'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS FEES**

COMES NOW, Safeco Insurance Company of America, by and through its counsel, Richmond & Quinn, and hereby opposes defendants' motion for attorney fees.

**Defendants' Claim For Attorneys Fees is Barred**

Federal Civil Rule 54(d)(2)(B) requires that a request for attorney's fees be filed within 14 days of the court's final judgment.  According to Federal Rule 54(a), a judgment

includes a decree and any order from which an appeal lies. FRCP 54(a). Title 28 U.S.C. Sec. 2201(a) provides that a declaration of coverage is a final judgment from which an appeal lies:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. **Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.**

Therefore, the court's December 4, 2006 decision constituted a final, reviewable judgment, triggering the 14-day deadline to file a motion for attorney's fees. Defendants' February 21, 2007 motion for attorney fees was therefore filed 8 weeks past the Rule 54(d)2(B)'s deadline.

That deadline is consistent with Civil Rule 82(c). ("Failure to move for attorney's fees within 10 days, or such additional time as the court may allow, shall be construed as a waiver of the party's right to recover attorney's fees."); see also, Valley Hospital Association v. Brauneis, 141 P.3d 726, 730 (Alaska 2006) ("By failing to file a properly supported motion for attorney's fees after the default

judgment was entered, Valley Hospital waived its right to recover attorney's fees."). While defendants' counsel apparently relied upon advice from the clerk, in light of the express rules, such reliance was clearly unreasonable.

### Enhancement is Not Appropriate

If the court were to award fees, no enhancement would be appropriate.

Civil Rule 82(b)(2) provides that, "In cases in which the prevailing party recovers no money judgment, the court shall award . . . the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred." ARCP 82(b)(2).[1]

The procedural history of this case does not warrant enhancement under Rule 82(b)(3). There was no trial. The case had no complexity. The parties agreed not to exchange initial disclosures or conduct discovery. The only significant effort required was the motion practice relating to the discrete legal issue of whether a UM/UIM claim which accrued upon exhaustion of the underlying limits was subject to AS 21.89.020(i)'s exclusion of umbrella policies. The

---

[1] Part of plaintiff's fee requests includes time for work done in the State Court action. No work related to the State Court action should be allowed, because of the risk of double recovery.

court's December 4, 2006 decision referred to it as a "close question."[2]    Safeco's coverage position was therefore not in bad faith, and there was clearly no vexatious litigation since Safeco did not conduct any discovery.

In arguing for enhancement, defendants rely heavily on the argument that the court's decision was in the public interest.    However, "public interest" is not one of the Rule 82(b)(3) enhancement factors.    Moreover, in <u>Fairbanks Firefighters Assoc. v. City of Fairbanks</u>, 934 P.2d 759 (Alaska 1997), the supreme court surveyed Alaska case law and stated:

> A public interest litigant may have some minimal or indirect personal interest in the outcome of an action, so long as that party's interest is insufficient to provide an incentive to litigate in the absence of public interest concerns . . . **[I]f a party has an economic interest which would be sufficient in and of itself to inspire litigation, that party cannot qualify as a public interest litigant**.

<u>Id.</u> at 763 (emphasis added).

One qualifies as a public interest litigant if the case involves a strong public policy, numerous people will benefit from the litigation, only a private party could be expected to bring suit, and the litigant does not otherwise have

---

[2] <u>See</u> December 4, 2006 Decision, Docket 28 at p. 4.

sufficient economic incentive to file the suit. <u>Johnson v. Tait</u>, 774 P.2d 185 (Alaska 1989); *accord*, <u>Eastwind Inc. v . State</u>, 951 P.2d 844 (Alaska 1997) (Contractors who filed declaratory judgment action asserting that amendments to the Little Davis-Bacon Act should apply to their preexisting contacts failed to qualify as public interest litigants since each had substantial economic incentive to bring suit).

Here, Mr. Morgan is not a public interest litigant because he clearly had a substantial monetary incentive for bringing suit.

Contrary to Mr. Morgan's argument, the state court case of <u>USAA v. Pruitt</u>, 38 P.3d 528, 531 (Alaska 2001) demonstrates why enhancement is not appropriate for this case. In <u>Pruitt</u> the parties litigated simultaneously a declaratory action, bad faith claims, and damages. As the court can see from the Pruitts' attached motion for attorney's fees, and the supporting affidavit of counsel, there were a host of depositions and numerous motions filed in the Pruitt case. ("The defense noticed and or took approximately 33 depositions." <u>See</u> Ex. A at p. 27.)

In contrast, because of the discrete legal issue involved, Safeco agreed not to exchange initial disclosures or

conduct discovery. There was no vexatious litigation on Safeco's part. The way this case was litigated was entirely different from how the Pruitt v. USAA case was litigated.

Finally, defendants argue that Safeco's policy also justified enhancement of a fee award under Civil Rule 82(b)(3). However, defendants quote the policy language out of context. Interpreted in context, the policy language clearly contemplates payment of defense costs for a third-party claim against the insured:

> When a claim, which is covered by this policy, is made against any Insured, . . . we will, . . . defend any suit against any insured. . . and Pay reasonable expenses incurred by an insured at our request,. . .

Docket 13, Ex. A at p. 16.

Here, the claim made was Loren Morgan's UM/UIM claim against Safeco. There was no third-party claim brought against Loren Morgan, from which Morgan needed a defense. Instead, because there was a difference of views, Safeco requested that the court determine the rights and obligations of the parties under the policy - which was an action recommended by the Alaska Supreme Court when there is a

question of coverage.[3]    The court has now determined those rights and obligations.

## CONCLUSION

For all the foregoing reasons, defendants' motion for attorney fees should be denied as untimely.    In the alternative, any fee award should be limited to 20% of fees necessarily incurred, pursuant to Civil Rule 82(b)(2), and no fees incurred in connection with the State Court action should be awarded.

---

[3] (See <u>Bohna v. Hughes Thorsness, Gantz, Powell & Brundin</u>, 828 P.2d 745, 768 (Alaska 1992)("If Allstate was genuinely confused as to the value of policy limits, it should have filed a declaratory action rather than exposing Bohna to personal liability."); <u>see</u> <u>also</u> <u>Coughlin v. GEICO</u>, 69 P.3d 986, 988 (Alaska 2003)("The court advised that if Coughlin was confused about what the policy limit would be she should have pursued a declaratory action.")

SAFECO'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
<u>Safeco Ins. Co. of America v. Morgan</u>, CASE NO. 3:06-cv-0015 RRB
PAGE 7

DATED this 6th day of March, 2007, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant
Safeco Insurance Company of
America


By: _s/Kenneth M. Gutsch_
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Ph: 907-276-5727
Fax: 907-276-2953
kgutsch@richmondquinn.com
Kenneth M. Gutsch
Alaska Bar No. 8811186

CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that a true and
correct copy of the foregoing was
served by mail this 6th day of
March, 2007 on:

Michael R. Wirschem
Law Office of Cris W. Rogers
2600 Denali Street, Suite 711-B
Anchorage, AK 99503


___s/Kenneth M. Gutsch_____
    RICHMOND & QUINN

2044.010\Pld\OPP TO MOTION FOR ATTORNEYS' FEES