Exhibit A

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SEAN PRUITT, By and through his          )
next best friend, GLENN PRUITT,          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )
                                         )
UNITED SERVICES AUTOMOBILE               )
ASSOCIATION,                             )
                                         )
            Defendant.                   )
_____)  Case No. 3AN-97-05235 Civil

**RECEIVED**

**MAY 1 1 1998**

**RICHMOND & QUINN**

## MOTION FOR
## ATTORNEY FEES AND COSTS

COMES NOW the plaintiff, by and through his counsel of record, Kelley & Kelley, and hereby moves this court for an order granting plaintiff actual reasonable attorneys fees and costs. Plaintiff's motion is supported by the attached memorandum and exhibits.

Dated this ___8___ day of May, 1998.

KELLEY & KELLEY

_M. K. Canterbury for_
Leonard T. Kelley
Attorney for Plaintiff
Bar No. 7605039

I hereby certify that on _5-8-98_
a true and correct copy of
foregoing was mailed to: K. Gutsch
BY: _Mick Barr_

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
.CHORAGE, ALASKA 99501
(907) 276-8185

Exhibit____A____
Page__1__of__44__Pages

**FILE COPY**

1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| SEAN PRUITT, By and through his next best friend, GLENN PRUITT, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | ) ) ) |
| Defendant. | ) ) |

**RECEIVED**

**MAY 1 1 1998**

**RICHMOND & QUINN**

Case No. 3AN-97-05235 Civil

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEY FEES AND COSTS

I.    INTRODUCTION AND FACTS

Glenn and Nolvia Pruitt, the mother and father of Gabriel and Sean Pruitt; left Gabriel in charge of Sean and went on a trip to Honduras. The parents left with the assurance that their long time insurance carrier United Services Automobile Association had sufficient coverage to indemnify any family losses which might occur while family members were utilizing the family vehicle. On July, 14, 1994 the worst scenario a parent could imagine occurred to Glen and Novila. Gabriel ran a stop sign at the corner of 12th Street and Medean injuring three people. Sean Pruitt, (then 16 years old), a passenger in Gabriel's vehicle, was one of the injured.

Sean Pruitt suffered injury to his neck and back. He was treated by Dr. Trekel in Alaska for three months. Sean then left the State of Alaska and went to Texas. In addition to Sean's neck and back injuries, Sean suffered from nose bleeds. Around February

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
ANCHORAGE, ALASKA 99501
(907) 276-8185

Exhibit ____A____
Page ___2___ of __44__ Pages

2

of 1995 Sean was diagnosed with nose cancer and underwent surgery in March. Sean was in recovery for the proceeding six months. Sean started treating with Dr. Enlow D.C. for his back and neck problems in June 14, 1995. Sean has continued to see Dr. Enlow D.C. through this date.

Sean, through his father Glenn, submitted an injury claim to United Services Automobile Association. The claim was investigated by Northern Adjuster, and United Services Automobile Association for twenty one months. Sean submitted a demand to United Services Automobile Association which was denied. Sean had no choice but to file a complaint against his brother Gabriel Pruitt. United Services Automobile Association denied Liability coverage, Uninsured motorist coverage, denied a defense for Gabriel, and stopped paying Sean's medicals under the No Fault Medical Payments Coverage. United Services Automobile Association based its denial upon a Household Exclusion Endorsement which precluded coverage for Sean.

At each step of the lawsuit against Gabriel, Sean provided United Services Automobile Association with notice. Notwithstanding the notice by Plaintiff, United Services Automobile Association failed to participate in the proceedings. Gabriel eventually confessed judgment to Sean for $160,000.00. United Services Automobile Association still did nothing for the Pruitts. Judgment was entered by the Honorable Judge Wolverton.

On June 30, 1997 Sean sued United Services Automobile Association directly asserting the Household Exclusion Doctrine was

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

Exhibit ___A___
Page __3__ of __44__ Pages

3

void, against public policy and requested the court to enforce the judgment.

United Services Automobile Association answered Sean's Complaint asserting that the Household Exclusion Doctrine was valid and the judgement was the product of fraud/collusion. The records reflect that over 82 court filings occurred in the <u>Pruitt vs. United Services Automobile Association</u>, case (Exhibit A-Court filings). Plaintiffs attorney invested over 390 hours in the <u>Pruitt</u> case. Expert disclosures were exchanged, and United Services Automobile Association's expert found no collusion/fraud on the part of Plaintiff's attorney. In an attempt to prove that the Household Exclusion Doctrine was violative of Alaska law, Plaintiff deposed witnesses. Fifteen witnesses were located in Sacramento, California. The defense took another thirty one depositions[1], (Exhibit B-list of defendant's depositions).

Plaintiff took fifteen depositions from April 21 to April 23, 1998. The fifteen deponents were employees or former employees of United Services Automobile Association and designated on United Services Automobile Association's Witness List. The depositions established three important facts:

1. United Services Automobile Association <u>never</u> evaluated Sean's damages claim.

2. United Services Automobile Association denied coverage to Sean after a United Services Automobile Association

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

---

[1] Plaintiff appeared telephonically in most of Defendant's depositions in an effort to mitigate litigation costs.

Exhibit ___A___

Page ___4___ of ___44___ Pages

4

litigation specialist overruled and basically ignored Alaskan coverage attorney Jeff Gould's opinion that the Household Exclusion Doctrine was void in Alaska, (Exhibit C-insurance log). Mr. Gould specifically advised United Services Automobile Association that <u>Margua vs. State Farm</u>, was the law in the State of Alaska. The United Services Automobile Association litigation specialist who rejected Mr. Gould's advice, and denied Sean coverage is not an attorney.

3. That not one of the fifteen deponents were aware of any fraud or collusion in the <u>Pruitt</u> case.

USAA filed a motion to force Plaintiff to mediate in Texas. Plaintiff agreed to mediate the case with the Defendant in Sacramento, prior to the taking the aforementioned fifteen depositions. At the mediation United Services Automobile Association's attorney, Mary Ibarra, related a $20,000.00 "<u>Drop Dead</u>" offer to Sean. The mediator said there was no reason to counter. No counter offer was made by Sean. Sean and his father Glenn Pruitt, flew from Ft. Worth, Texas to Sacramento, California for no good reason. The Pruitts expended over $1,616.00 on the trip to Sacramento.

United Services Automobile Association's offer to mediate with Plaintiff was not made in good faith and was intended to posture and run up the costs on the Pruitts.

II.  <u>ISSUES</u>

Plaintiff is the prevailing party. Plaintiff requests this court to vary from the prevailing party attorneys fee award

KELLEY & KELLEY
ATTORNEYS AT LAW
!! 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

Exhibit___A___
Page _5_ of _44_ Pages

5

calculated in ARCP 82(b)(2). Plaintiff requests this court to grant Plaintiff an award of full reasonable attorney fees and actual costs. The portion of the lawsuit addressing the declaratory action benefitted the "Public Interest" and is of interest to a typical Alaskan family that has automobile insurance. Accordingly, Plaintiff requests this court to qualify Sean Pruitt as a public interest litigant.

### A.    COSTS

Plaintiff is entitled to be reimbursed his actual litigation costs in accordance with the public interest doctrine. The court is also asked to consider United Services Automobile Association vexatious conduct when ruling on Plaintiff's request for an award of actual costs, (See Exhibit A and <u>Municipality of Anchorage vs. Frank Colluco Construction</u>, 826 P.2d 316). Plaintiff's costs associated with prosecuting this case are over $17,872.00, (Exhibit D).

### B.    PREVAILING PARTY    (ARCP 82)

Plaintiff prevailed on the main issues. This Court held the Household Exclusion Doctrine to be void, contrary to Alaska Insurance law and Public Policy. As the "prevailing party", Plaintiff is entitled to an award of costs and attorneys fees, (AS 09.60.010, Rules of Civil Procedure Rules 54(d) and 82(a)).

The trial court can award partial compensation of attorney fees to the prevailing party where there is a no money judgment in accordance with A.R.C.P. 82(b)(2). A.R.C.P. 82(b)(3) provides that the court may vary an attorneys fee award calculated

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
:CHORAGE, ALASKA 99501
(907) 276-8185

Exhibit____A____
Page__6__of__44__Pages

6

under subparagraph (b)(2). If the trial court varies from the "Rule 82" schedule and rule, it must state its' reasons, (Farnsworth vs. Steiner, 601 P.2d 266 and Nielson/Domke v. Benton/Telfer, Supreme Court Slip Opinion No. 4978, May 1 1998; see also Exhibit D - Kelley Affidavit).

1.   Rule 82 (b)(3) Variance Applies In This Case.

In varying from the "Rule 82" schedule and establishing reasonable and necessary attorney fees, Alaska courts are to review eleven factors as set out in ARCP 82(b)(3)(A-K).

a. Defendant's Vexatious Conduct.

The Alaska courts have awarded actual attorney fees, if the opposing party had a weak claim, unfairly sought to pressue another party, acted in Bad Faith or engaged in vexatious conduct, (Atlantic Richfield vs. State, 723 P.2d 1249, and Bobick vs. Stewart, 843 P.2d 1232, Vandort vs. Culliton, 797 P.2d 642, Nielson/Domke v. Benton/Telfer, Supreme Court Slip Opinion No. 4978, May 1 1998 and ARCP 82(b)(3)(G)).

In this case, United Services Automobile Services Association alleged that Plaintiff's counsel, Plaintiff, Plaintiff's father and Plaintiff's brother were acting fraudulently. United Services Automobile Services Association had

KELLEY & KELLEY
ATTORNEYS AT LAW
:I 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

Exhibit _A_
Page _7_ of _44_ Pages

no evidence to support such an allegation[2].    Defendant's outrageous allegations were made to avoid its contractual obligation; embarrass and intimidate Sean, his father, his brother and thereby entitles Plaintiff to an award of _full_ reasonable attorney fees.

Plaintiff asserts that Defendant's bad faith and vexatious conduct was not isolated to its allegation of fraud. Plaintiff offers the court multiple incidences of United Services Automobile Association vexatious and bad faith conduct toward its' insured, thereby warranting actual reasonable attorney fees.    To wit:

1.  United Services Automobile Association took twenty one months to deny coverage to Plaintiff.

2.    United Services Automobile Association _never_ evaluated Sean's damages claim.

3.  United Services Automobile Association failed to pay Sean's medical bills pursuant to the no fault medical payment coverage.

4.    United Services Automobile Association denied liability and uninsured coverage to Sean despite the opinion of

---

2 Alaska law requires a party to set forth affirmatively a defense of fraud, (ARCP 8(b)).    The defense of "fraud" is considered a "special matter" and must be stated with particularity, (ARCP 9(b)).    United Services Automobile Association and its' attorneys asserted fraud upon Plaintiff and his family. Defendant's attorneys certified that the allegations in Defendant's Answer were well grounded in fact, (See ARCP 11).    Plaintiff's depositions of Defendant's witnesses established there were no facts to support United Services Automobile Association's defense of fraud.    Defendant's claim of fraud/collusion was weak and asserted for inappropriate purposes.

KELLEY & KELLEY
ATTORNEYS AT LAW
'H 'N' STREET, SUITE 204
:HORAGE, ALASKA 99501
(907) 276-9185

Exhibit _A_
Page _8_ of _44_ Pages

8

United Services Automobile Association coverage attorney that the Household Exclusion language was void and contrary to Alaska law.

5.    United Services Automobile Association failed to provide a defense to Gabriel.

6.    United Services Automobile Association alleged Affirmative defenses in Defendant's Answer without a basis in fact, (ARCP 11).    Defendant later withdrew several of the affirmative defenses including:

      a)    Statute of Limitations

      b)    Laches

      c)    Mitigation

      d)    Sean Pruitt has no standing to sue.

      e)    Improperly alleged that Leonard Kelley represented Gabriel Pruitt and that a conflict of interest existed.

7. United Services Automobile Association filed a Motion to force mediation, then failed to mediate in Good Faith.

8. United Services Automobile Association  attempted to require the Pruitts to drop their insurance with United Services Automobile Association as a condition of settlement.

9. United Services Automobile Association attempted to require that the court's Order be kept confidential.

Defendants nefarious conduct alone supports an award of actual reasonable attorney fees.  Rule 82(b)(3) does however, include other factors that are to be considered when varying from the Rule 82(b)(2) schedule.

KELLEY & KELLEY
ATTORNEYS AT LAW
:21 'N' STREET, SUITE 206
NCHORAGE, ALASKA 99501
(907) 276-8185

Exhibit___A___
Page__9__of_44_ Pages

9

b.  <u>There are Other Factors Supporting Variance From Rule 82 Schedule</u>.

Other factors the court is to consider when determining a variance from the "Rule 82" schedule are:  the complexity of the litigation; the length of trial; the reasonableness of the attorneys' hourly rates and the number of hours expended; the reasonableness of the number of attorneys used; the attorneys efforts to minimize fees; the reasonableness of the claims and defenses pursued by each side; the **relationship between the amount of work performed and the significance of the matters at stake**; the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts; the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar and other equitable factors deemed relevant.

This case involved multiple complex insurance coverage issues. Alaska Courts have awarded actual reasonable attorney fees if the procedure was complex and extensive, (<u>Dura Corp vs. Harned</u>, 703 P.2d 396 and ARCP 82(b)(3)(A) and (B)).  There was no trial in this matter.  However, there was extensive preparatory work and finances expended in this case, (<u>Kenai Power Corp. v. Strandberg</u>, 415 P.2d 659 (Alaska 1966)).  Trial was scheduled and expected to last at least two weeks.

Mr. Leonard T. Kelley was the primary attorney on the

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

Exhibit ___A___
Page _10_ of _44_ Pages

10

Pruitt case and he bills hourly work at $150.00 an hour[3], (Exhibit D). Mr. Kelley aimed to moderate the costs and time required for this case, (Exhibit D - Affidavit of Leonard T. Kelley).

Plaintiff's claim against United Services Automobile Association was valid and the only way to obtain fair treatment and adjudication of his claim and injuries. Defendant's defenses on the other hand were not based in fact and asserted for the improper purpose of threatening Plaintiff. Considering the issues involved in this case, Mr. Kelley's hours are reasonable and were necessary to extinguish United Services Automobile Association's bad policy exclusion and obtain a forum to have Plaintiff's case heard and evaluated fairly. An award of actual reasonable and necessary attorney fees would deter other insurance companies and United Services Automobile Association from berating their insureds.

Alaska Courts have granted 68% of actual fees where the court finds the claim to be a battlefield for one of the parties, (Joseph vs. Jones, 639 P.2d 1014). In fact the Alaska Supreme Court recently affirmed an award of fifty percent of actual fees where the non-prevailing party maintained a high level of litigation and unfairly sought to pressure opposing party, (Nielson/Domke v. Benton/Telfer, Supreme Court Slip Opinion No. 4978, May 1 1998).

Based upon the above incidences of Defendant's disturbing

KELLEY & KELLEY
ATTORNEYS AT LAW
121 'N' STREET, SUITE 206
ANCHORAGE, ALASKA 99501
(907) 276-8185

---

[3] Mrs. Michaela Kelley Canterbury only handled administrative matters when Mr. Leonard T. Kelley was in California or unavailable. Plaintiff was dealing with three attorneys from Richmond and Quinn.



Exhibit 4
Page 11 of 44 Pages

conduct.    Coupled  with  the  complexity  of  the  issues  at  stake,

Plaintiff  requests  an  award  of  attorneys  fees  that  varies  from  the

schedule  set  out  in  ARCP  82(b)(2)  and  requests  that  the  Court  award

Plaintiff  full  reasonable  attorney  fees  and  costs.

### C.  PUBLIC INTEREST LITIGATION[4]

There  are  some  cases  that  are  prosecuted  that  benefit

members  of  the  general  public;  the  Pruitt  case  is  one  of  those

cases.

Alaska  Insurance  Law  and,  in  particular,  the  Financial

Responsibility  Act  requires  insurance  carriers  to  provide  policies

of  insurance  for  minimum   coverage  to  Alaskans  who  drive  on

roadways  both  in  and  out  of  the  State  of  Alaska.    The  people  of

Alaska  have  an  interest  to  ensure  that  users  of  Alaskan  roadways

are  insured.    Alaskans  have  a  further  interest  to  ensure  victims

who  are  injured  by  negligent  tortfeasors  will  be  compensated  for

the  harm  negligent  tortfeasors  cause  to  innocent  users  of  the

roadways.    United  Services  Automobile  Association  and  other

insurance  carriers  that  write  insurance  policies  in  Alaska  are

aware  of  the  Alaska  Enabling  Act  and  are  required  to  write

insurance  policies  that  will  indemnify  their  insureds  at  least  to

the  minimum  limits  set  by  the  Financial  Responsibility  Act.

In  this  case,  United  Services  Automobile  Association

"adjusted"  the  case  for  twenty  one  months  with  three  separate

adjusters  and    never   once  disclosed  a  coverage  exclusion.

KELLEY & KELLEY
ATTORNEYS AT LAW
31 'N' STREET. SUITE 206
CHORAGE. ALASKA 99501
(907) 276-8185

---

[4]  Plaintiff's  counsel  has  over  390  hours  in  this  portion  of

the  case.



Exhibit ___A___

Page _12_ of _44_ Pages

12

Moreover, United Services Automobile Association never evaluated Plaintiff's damages claim for that twenty-one months.

After twenty one months, Plaintiff filed a Complaint against his older brother, and United Services Automobile Association denied coverage, stating that there is a Household Exclusion Endorsement, which precludes coverage to any United Services Automobile Association insured who is injured by the negligence of any other member of their household.

United Services Automobile Association's position is completely contrary to the purpose of the Alaska Enabling statute and the ruling in <u>Marqua vs. State Farm</u>.

United Services Automobile Association was attempting to abandon insured people who need insurance coverage the most, (an insured's family member).  Alaskans utilize motor vehicles for transporting family members far more than any other person. Siblings drive other siblings to school, sports practice, recreational activities, concerts and other social gatherings. Parents drive each other and their children to the mall, make weekend trips, and to work.  It is a simple matter of logic that on some of these outings, the driving member of the household will negligently cause a motor vehicle collision which will result in harm to another member of the family.  In fact, it is very likely that an individual will be harmed in a motor vehicle collision by the negligent acts of a family member.

United Services Automobile Association's position that all victims injured by family members can not be indemnified

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

13



because of its exclusion is against the law and mean spirited. Unfortunately it is unknown how many of United Services Automobile Association's injured insureds have wrongfully been denied coverage and compensation under the "Family Exclusion". Probably tens of thousands of Alaskans over the years have been denied coverage. The total costs and benefits not paid out by United Services Automobile Association, but saved by them; is unknown. What is significant is Defendant invested substantial resources into defending its' unlawful and weak position.

When the Pruitts initiated this action they were only interested in being compensated for the injuries Sean suffered. Little did the Pruitts know that Sean would be vilified by their insurer, in its' quest to keep its' strong hold on an arcane legal position and in its attempt to continue to deprive its members compensation for which premium dollars were paid.

Plaintiff submits that Sean Pruitt is a "Public Interest Litigant" and should be awarded actual attorney fees. A "Public Interest Litigant" must meet four criteria, (Spenard Action Committee vs. Lot 3 Block 1, Evergreen Subdivision, 902 P.2d 766).

First Criteria: **The case is designed to effectuate strong public policies:** Sean Pruitt brought an action to have the court declare the "Household Exclusion Endorsement/Language" in the liability coverage and Uninsured Motorist Coverage contrary to Alaska Insurance law and public policy. The Superior Court held the Family Member Exclusion language in Defendant's automobile insurance policy violates the strong public policy that all insured

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185

14

Exhibit _____A_____
Page __14__ of __44__ Pages

Alaskans have at least the minimum coverage required by the Alaska Financial Responsibility Act.    Plaintiff's case against United Services Automobile Services meets the first criteria.

II. <u>Second Criteria</u>: "Will numerous people benefit from the lawsuit?"

United Services Automobile Association issues automobile insurance to numerous Alaskans[5]. The instant lawsuit <u>will</u> require United Services Automobile Association to remove the offending language from its Policy of Insurance and provide proper coverage to its' members.  Moreover, this court's order has the potential of requiring United Services Automobile Association to affirmatively evaluate all of its' policies regarding "Family Exclusion" in other states and  United Services Automobile Association member stationed in foreign countries who have no access to a United States forum.

Additionally, this court's order is precedence to other insurance companies doing business in Alaska; that the Family Exclusion Language is contrary to Alaska Insurance Law and Public Policy.  Plaintiff meets the second requirment of a public interest litigant.

III. <u>Third Criteria</u>:  "Could only a private party have been expected to bring the suit?"

In this case, it would only be a private party that would bring a lawsuit against United Services Automobile Association to

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
.CHORAGE, ALASKA 99501
(907) 276-8185

---

[5] United Services Automobile Association is a membership insurance company that invites only military individuals and their relatives as members. The State of Alaska has a multitude of military family residents.

Exhibit _A_

Page _15_ of _44_ Pages

15

exclude the offending language. Sean Pruitt, a private party, could have been expected to bring this suit. It was United Services Automobile Association's denial of indemnity coverage to a private party that triggered the need for this lawsuit. Plaintiff meets the third criteria for a public interest litigant.

    IV.   <u>Fourth Criteria</u>: "Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?"

    Sean Pruitt agreed to have the Confession of Judgment vacated, the underlying personal injury action bifurcated; thereby receiving no "direct financial benefit" from the declaratory judgment aspect of this litigation. Sean's underlying injury claim is bifurcated from this court decision and will be arbitrated. Arbitration is the alternative dispute resolution forum agreed upon by the parties.

    A court must weigh the individual facts of the case to determine if the Litigant's **"primary"** motivation for filing suit was economic, (<u>Katchemak Bay Watch Inc. vs. Noah</u>, 935 P.2d 816.

    United Services Automobile Association wanted to keep the order a secret; Plaintiff did not agree. Plaintiff wanted the offensive language removed from all United Services Automobile Association's Policies of Insurance and fully disclosed to the public. In this particular case, Sean Pruitt's primary motivation was to benefit the general public. Based upon the facts of this case, Sean Pruitt qualifies as a public interest litigant.

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
CHORAGE, ALASKA 99501
(907) 276-8185



Exhibit _A_
Page _16_ of _44_ Pages

16

CONCLUSION

Attached hereto as Exhibit A is a copy of the index in Plaintiff's file. The index confirms that there were over eighty two pleading documents filed in this case, not to mention all the discovery documents, expedited motions, letters, phone calls and meetings that plaintiffs' counsel participated in. Litigating with United Services Automobile Association was an expensive and stressful endeavor for the Pruitt family.

The Pruitt family was on the right side of every issue in this case and United Services Automobile Association acted contemptibly, unreasonably, unfairly and vexatious toward Plaintiff. United Services Automobile Association maintained a high level of litigation and pressed forward without regard to the economic and emotional burden on its insured.

Plaintiff requests that the court recognize the validity of Plaintiff's position and qualify Plaintiff as a public interest litigant and award Plaintiff actual costs and attorney fees.

United Services Automobile Association should not be permitted to litigate its insured into the ground and then walk away without making their insured whole.

Dated this 8 day of May, 1998.

KELLEY & KELLEY

M. K. Canterbury for
Leonard T. Kelley
Attorney for Plaintiff
Bar No. 7605039

KELLEY & KELLEY
ATTORNEYS AT LAW
21 'N' STREET, SUITE 206
ANCHORAGE, ALASKA 99501
(907) 276-8185

I hereby certify that on 5-8-98
a true and correct copy of
foregoing was mailed to: K. Gutsch    BY: Mick Bee

Exhibit A
Page 17 of 44 Pages

17

INDEX

1.  Defendant's Motion to Strike Consent Judgment and alternative
    Motion to Compel

2.  Plaintiff's opposition

3.  Defendant's reply (also see No.27 Defendant's Erratum to Motion
to Strike Consent Judgment

4.  Plaintiff's  Motion to determine sufficiency and truthfulness
    of USAA's response to Plaintiff's Requests fdor Admissions and
    Sanctions.

5.  Defendant's Opposition

6.  Plaintiff's reply


7.  Plaintiff's Motion for Protective Order.

8.  Defendant's Opposition

9.  Plaintiff's Reply

10.  Plaintiff's Motion to Seal and Return Attorney Work Product.

11.  Defendant's Opposition

12.  Plaintiff's reply

13.  Plaintiff's Motion to Compel

14.  Defendant's Opposition

15.  Plaintiff's Reply


16.   Plaintiff's Motion for Summary Judgment and to enforce
    Judgment

17.  Defendant's Opposition

18.  Plaintiff's Reply

Exhibit____A____
Page _18_ of _44_ Pages

Exhibit A

19.  Plaintiff's Motion to Quash Depositions

20.  Opposition

21.  Reply

22.  Pretrial Order

23.  Plaintiff's supplement and preliminary witness list

24.  Jeff Gould M/Protective order

25.  USAA's M/Protective Order

26.  Plaintiff's opp to Goulds M/Protective and counter M/sanctions
     and show cause

27.  Plaintiff's opp to USAA's M/Protective and counter M/sanctions
     and show cause

28.   Plaintiff's M/expedited to Plaintiff's M/Sanctions & show
cause

29.  USAA's Reply  to Plaintiff's opp to USAA's M/Protective and
     opp to Plaintiff's counter M/sanctions and show cause


30.  Defendant's motion to compel IME

31.  Plaintiff's opposition to ime

32.  Defendant's reply to Ime

33.  Defendant's Motion to compel discovery

34.  Plaintiff's opposition to compel discovery

35.  Defendant's reply to compel discovery

36.  Notice RE: Deponent's Opp to Plaintiff's M/Sanctions & reply
     to M/ Protective

37.  Deponent Gould's opp to Plaintiff's M/Sanctions & reply to
     M/Protective

38.  Reply to USAA's/Gould's Opp to M/Show Cause

39.  Plaintiff's M/Strike Gould's reply/opposition

40.  USAA's opp to M/Strike Gould's reply/opp

41.  Defendant's supplment to Witness list and Witness List

Exhibit____*A*____
Page _19_ of _44_ Pages

42. USAA's expedited M/Mediation in Texas

43. Plaintiff's opposition to expedited M/Mediation in Texas

44. USAA's reply to opp to M/Mediation in Texas

45. Plaintiff's M/Extension of time

46. USAA's response to M/Extension of time

47. Plaintiff's Request for late filing

48. USAA's non opp to Request for late filing

49. Plaintiff's Reply to opp M/Strike

50. USAA's supplement to M/Compel IME

51. Plaintiff's M/Strike supplment to M/Compel IME

52. Plaintiff's M/protective order for RFA

53. USAA's M/Supplement USAA's opp to Plaintiff's M/enforce judgment

54. Supplemental Argument

55. Request for Oral

56. Plaintiff's M/Summary Judgment

57. USAA's Opp M/Summary Judgment and Cross M/Summary Judgment

58. Plaintiff's Opp to USAA's Cross M/Summary judgment

59. USAA's extension of time

60. Plaintiff's opp to extension of time

61. USAA's reply to Plaintiff's opp to Cross M/Summary Judgment

62. Amended Certificate

63. Gould's opp to Plaintiff's M/Strike

64. Plaintiff's reply to Gould's opp to M/Strike

A.  Defendant's Erratum to Motion to Strike Consent Judgment

B.  Plaintiff's request to take judical notice complaint 3 pages

C.  USAA's M/Sanctions

D.  Plaintiff's opp to USAA's M/Sanctions

E.  USAA's reply to opp for Sanctions

F.  Plaintiff's non-opp to expedited M/Protective Order

G.  USAA's reply to non-opp to expedite

H.  Plaintiff's request judicial notice

I.  USAA opp to request for judical notice

J.  Reply to Opp to judicial notice

K.  Defendant's witness list

L.  Extension of time

M.  Plaintiff's Motion for Protective Order

N.  Plaintiff's M/Compel

O.  USAA's opp to M/Compel

P.  Plaintiff's reply to M/Compel

Q.  USAA's opp to Plaintiff crossM/for Sanctions

R.  M/Reconsider M/Compel

Defendant's depositions

D-1  Marilyn Anderson 3/13/98

D-2  ANS records by Motion 2/20/98, 2/25/98

D-3  Dr. Phil Baker 2/20/98, 2/23/98 have

D-4  Childrens Medical 3/13/98

D-5  Richard Dibble 3/25/98, 4/2/98, 4/3/98, 4/28/98 Subpoena have
exhibits  COPY attached to #53

D-6  Jeff Duncan - Best Buy- 4/28/98 Subpoena

D-7  Fossil Ridge High School 3/12/98, 4/28/98 subpoena

D-8  Gateway School 1/28/98 have also #32

D-9  Keller High School 4/28/98 subpoena

D-10 Claudia Knous 4/3/98 subpoena

D-11 Lake Otis Chiro  2/6/98, 2/6/98
        Notice of Cancel 2/6/98

D-12 Kathy Lopez 3/23/98

D-13 Dr. Scott Manning 4/28/98 subpoena

D-14 Kirk Murdock 3/24/98,  4/2/98   COPY attached to #53

D-15 North Hills Diagnositc 3/12/98 subpoena

D-16 Ellen Pesserillo 3/30/98, 3/31/98, 4/28/98 transcribed Folks
        & Associates COPY attached #53

D-17 Gabe Pruitt 4/28/98

D-18 Nolvia Pruitt 4/28/98

D-19 Robert Rowen 2/20/98 have

D-20 Rufe Snow Dental 3/12/98

D-21 Service High School 2/6/98, 3/23/98  N/Cancel

D-22 Southwestern Medical 3/13/98

D-23 Ron Todd 3/10/98    Transcribed AK STenotype

D-24 Bob Wainscott 1/20/98 taken

D-25 James Laughlin 4/28/98 subpoena

Exhibit B

D-26 Dr. Hosper 4/28/98 subpoena

D-27 Equimed 4/28/98 subpoena

D-29 Sean Pruitt 1/6/98 transcibed copy #32

D-30 Glenn Pruitt 1/6/98, 1/30/98 transcribed copy #32

D-31  Anchorage School 2/6/98

D-32  Bobby Smith

D-33  Dibble

```
LOSS REPORT TYPE- AUTO          REQUEST TYPE- DISTRICT         PAGE-     0047
RMO- 4577    REGION- RG3         LOSS REPORT NR- 000000011      DATE- 04 22 97
USAA NR- 001740479 CD- 9 POL NR- 7103  VEH- 13 DOL- 07 14 94 CLAIM NR-  0000011
UNIT- 01116 CH-    02 REQUESTED BY- UNIT 01116    02    SEND TO- M BURKE 1116
*
04 10 1996   10:32:09 PST  35598 - SL
          SUMMARY - TC TO GUESS AND RUDD...JEFF GOULD TO SEE
          TC TO GUESS AND RUDD...JEFF GOULD TO SEE IF HE KNOWS OF ANY
          CASE LAW THAT WOULD DISALLOW OUR ENDORSEMENT...
          HE ADVS HE DOESN'T KNOW FOR SURE BUT WILL CHECK AND LET ME K
          NOW........
          ...
*
04 10 1996   10:37:29 PST  35598 - SL
          SUMMARY - COMPLETED SUIT CONFERENCE FORM..PLACED I
          COMPLETED SUIT CONFERENCE FORM..PLACED IN MGR TOMS BIN..
          ......
          ASSUME AT THIS POINT SUIT SERVED 4-8-96 PER CALL IN BY NI...
          ...
*
04 10 1996   10:54:52 PST  35598 - SL
          SUMMARY - RECD CALL FROM PLT ATTY KELLEY....
          RECD CALL FROM PLT ATTY KELLEY....
          HE DOESN'T KNOW WHAT DATE SUIT WAS SERVED..
          WANTED TO KNOW WHAT WAS GOING ON..
          ADVS SHOULD HAVE ANSWER BY TOMORROW ABOUT WHETHER IS COVG OR
          NOT....HE RECD CERT. COPY OF OUR POLICY BUT SAYS THAT FAMIL
          Y EXCLUSION IS NOT ALLOWED SINCE IS 2 COURT CASES BARRING TH
          IS......
          ADVS I AM CHECKING WITH DEFS COUNSEL AND WILL ADVISE OF OUR
          POSITION ON LIABILITY ASAP...PROBABLY BY WAY OF DEC RELIEF A
          NSWER OF COMPLAINT......HE UNDERSTOOD..
          HE THEN SAID IF WE DENY THE BI THEN HE WILL HAVE UM CLAIM....
          ADVS DON'T KNOW WHAT HE IS TALKING ABOUT...ID IS LIABLE SO
          NO UM TO BE MADE.......
*
04 10 1996   12:19:14 PST  35598 - SL
          SUMMARY - RECD CALL BACK FROM JEFF GOULD OF GUESS
          RECD CALL BACK FROM JEFF GOULD OF GUESS AND RUDD......
          HE ADVS THAT IS DISTRICT COURT CASE ON POINT..
          SAYS CAN'T EXLUDE BI FOR HOUSEHOLD MEMBERS FOR SINGLE VEH MV
          AS......
          NOTHING ON POINT OR ANY CASES IN SUPREME COURT...
          ..........................................................
          HE WILL FAX ME COPY OF THIS CASE...
          .........
*
04 11 1996   09:09:38 PST  35598 - SL
          SUMMARY - SUIT CONFERENCED...WITH MGR...
          SUIT CONFERENCED...WITH MGR...
          FILE WILL BE X FERRED......
*
04 11 1996   10:21:33 PST  26101 - TA
          SUMMARY - MGR DOCS
          REVIEWED AND DICUSSED WITH MIKE BURKE. MIKE WILL GO TO LEGAL
          FOR OK TO INFORM INSD NO COVERAGE FOR FAMILY MEMBER VS. FAM-
          ILY MEMBER BI. CONTINUE TO SEEK DOCUMENTATION TO JUSTIFY
          MED PAY RELATED TO ACCIDENT.
```



Exhibit C

```
LOSS REPORT TYPE- AUTO          REQUEST TYPE- DISTRICT          PAGE-     0048
RMO- 4577    REGION- RG3           LOSS REPORT NR- 000000011      DATE- 04 22 97
USAA NR- 001740479 CD- 9 POL NR- 7103  VEH- 13 DOL- 07 14 94 CLAIM NR-  000011
UNIT- 01116 CH-      02 REQUESTED BY- UNIT 01116    02    SEND TO- M BURKE 1116
*
04 11 1996   10:24:06 PST  26101 - TA
          SUMMARY - ACTIVITY REDIARIED
          01116/00002 REDIARIED FROM 04/11/96
          TO 04/11/96
*
04 11 1996   12:44:40 PST  35598 - SL
          SUMMARY - RECD MSG FROM MICHELLE IN LEGAL...WANTED
          RECD MSG FROM MICHELLE IN LEGAL...WANTED CPY OF CASE I RECD
          BY FAX TODAY FROM GUESS AND RUDD....
          RC TO MICHELLE..LM ADVS WILL RUN UP COPY...
          ALSO GAVE COPY TO NEW ADJS MIKE BURKE....
*
04 11 1996   14:28:03 PST  26500 - MM
          SUMMARY - LEGAL
          LEGAL
          DISCUSSED WITH MR. BURKE.  OUR FAMILY MEMBER EXCLUSION,
          CONTAINED WITHIN THE 5504(01) ENDORSEMENT TO THE POLICY
          WILL PRECLUDE BI COVERAGE FOR INJURIES TO SEAN PRUITT.
          SEAN AND THE DRIVER, GABRIEL PRUITT, ARE BROTHERS AND
          WERE RESIDENTS OF THE NAMED INSURED'S HOUSEHOLD WHEN THIS
          LOSS OCCURRED.  I ALTHOUGH ALASKA COURTS HAVE ALLOWED
          INTRAFAMILY SUITS IN TORT; I FIND NO  CASES THAT WOULD
          PRECLUDE AN EXCLUSION IN AN INSURANCE POLICY FROM PRECLUDING
          COVERAGE FOR ONE FAMILY MEMBER AGAINST ANOTHER.  LETS
          PROCEED WITH A DENIAL OF COVERAGE TO GABRIEL PRUIT FOR
          SEAN PRUITTS SUIT FOR BI.
          *
          I HAVE REVIEWED THE FEDERAL CASE FORWARDED BY GUESS AND
          RUDD - STATE FARM V. MARQUA WHICH IS NOT ON POINT.  THE
          ALASKA STATUTE RELIED UPON IN THAT CASE HAS BEEN REPEALED;
          AND IN OUR SITUATION, IT IS NOT A FAMILY MEMBER SUING THE
          NAMED INSURED; BUT A FAMILY MEMBER SUING ANOTHER FAMILY
          MEMBER.
          *
          LETS PROCEED WITH THE DENIAL TO GABRIEL PRUITT.  IF
          THERE ARE ANY SUPPORTED ARGUMENTS AGAINST THE DENIAL,
          LET ME KNOW.
*
04 15 1996   14:33:37 PST  25094 - MAB
          SUMMARY - .
          .
          WILL SEND OUT DENIAL LETTER TO ATTY KELLY RE INDEM TO HIS
          CLIENT ON THIS POL
          STILL AT ISSUE  IS DO WE OWE A DEFENCE TO THE INSD DRIVER
          AND THE INSD AS OWNER (INJURED PAX IS HIS SON AS IS THE DRIV
          ER BOTH IT APPEARS RESIDENTS OF THE HOUSEHOLD AT THE TIME)
```

Exhibit ____4____

Page __25__ of __44__ Pages

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SEAN PRUITT, By and through his          )
next best friend, GLENN PRUITT,          )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )
                                         )
UNITED SERVICES AUTOMOBILE               )
ASSOCIATION,                             )
                                         )
          Defendant.                     )
_____)  Case No. 3AN-97-05235 Civil

AFFIDAVIT OF LEONARD T. KELLEY

STATE OF ALASKA              )
                             )ss.
THIRD JUDICIAL DISTRICT      )

          I, Leonard T. Kelley, after being duly sworn states as
follows:

          1.  My name is Leonard T. Kelley, and I was the primary
attorney on the <u>Pruitt</u> case.

          2.  I charge $150.00 an hour for hourly work.

          3.  My secretary computed the costs.  I have reviewed the
cost statement and it appears to be accurate, (See attachment 1).
The costs in the <u>Pruitt</u> case are $17,872.21.

          4.  My secretary computed the total attorney fees times
based upon my billing records in this case, and the court filings
involved in this case.  I have reviewed the attorney billing.  The
attorney billing appears to be accurate, (See attachment 2).  I
have expended over 435 hours prosecuting the <u>Pruitt</u> case.

          5.  This case was filed with an expectation that the
court would rule on several legal issues and it would be over.  The

KELLEY & KELLEY
ATTORNEYS AT LAW
121 'N' STREET, SUITE 206
ANCHORAGE, ALASKA 99501
(907) 276-8185

Exhibit ____A____
Page __26__ of __44__ Pages

Exhibit D

3

case took on a life of its own and became complex and protracted. The defense asserted allegations of fraud on the part of my clients and my firm.   The allegations of fraud and attorney conflict of interest were effectively extinguished.  Moreover, the allegations simply were not true.

6.    The defense noticed and or took approximately 33 depositions.    In an effort to save time, money and mitigate litigation costs, Plaintiff appeared telephonically.

6.    Plaintiff had no choice but to retain Michael Flanigan, Paul Stockler and Justice Erwin when the deadline for expert witness disclosures arrived    Mr. Wainscott was retained three months earlier.

Justice Erwin's research and report supports Plaintiff's position that the Household Exclusion Doctrine is void, and that Gabriel was improperly denied a defense.  Justice Erwin's charges to date are $3,400.00.  These types of experts are necessary in insurance litigation and they are expensive.

7.   The true low point in the <u>Pruitt</u> litigation occurred when, United Services Automobile Association moved to force a mediation in Texas and later requested a mediation in California. Plaintiffs and their counsel agreed and flew to Sacramento. United Services Automobile Association's attorney Mary Ibarra, took it upon herself to advise Plaintiff that she would pay her attorney before she would pay the Pruitts any more than what she valued the case to be.  United Services Automobile Association made a "Drop Dead" offer of $20,000.00.   No counter was made by

KELLEY & KELLEY
ATTORNEYS AT LAW
121 'N' STREET, SUITE 206
ANCHORAGE. ALASKA 99501
(907) 276-8185

Exhibit ___A___

Page _27_ of _44_ Pages

4

Plaintiff. This action by United Services Automobile Association was completely <u>uncalled for</u>. United Services Automobile Association even told the mediator that they intended to cancel the Pruitts insurance and pursue the family for fraud.

8.  I stayed in Sacramento and took the depositions of United Services Automobile Association's personnel. No deponent was aware of any collusion or fraud by the Pruitts or their attorneys.

9.  Plaintiff believes that United Services Automobile Association   took a personal vendetta against the Pruitts and purposely ran up the costs in order to deter the Pruitts.

United Services Automobile Association   alleged defenses lacked any basis in fact, and were intended to intimidate the Pruitts.

10.  United Services Automobile Association acted in Bad Faith and with vexatious conduct. The only way to deter this kind of conduct is to award full actual costs and full attorney fees.

DATED this 7 day of May, 1998.

_____
Leonard T. Kelley

SUBSCRIBED AND SWORN to before me the 7 day of May 1998.

OFFICIAL SEAL
STATE OF ALASKA
MICK BELL
NOTARY PUBLIC

_____
Notary Public in and for AK
My Commission Expires: 1-15-01

Exhibit A
Page 28 of 44 Pages

5

cost statement on sean pruitt

Filing fee/service fee                    $105.00
Complaint against Gabriel

Filing fee/service fee                    $125.00
Complaint against USAA

records
        1. Lake Otis Chiro $15 pd ltk
        2.  North Hills Diagnostic $25

Narrative report from Enlow $120.00

Robert Wainscott          $487.50
Robert Wainscott          $1440.00

R&R Court Reporters
#130632 rec time Bice $87.50
#131415 Jeff Gould video depo $126.00
#131351 $65 pd client

IKON copy of documents $13.51

Depo long distance $152.00

ATU long distance for March $18.00
     FAX for March $15.00
ATU long distance for April $19.55

DRI   $104.50

Sams Club for copying $76.32

Richmond & Quinn for copies $152.55

ASAP
Bice $35
Gould $35

Witness Fee
Bice $12.50
Gould $12.50

AK Stenotype
#4109  $76.50
#4111  $70.00
#73849 $64.71
#74056 $12.27
#74331 $31.00

Kim Tindall & Associates
7800 1H 10th West Su8ite 100
San Antonio TX 78230

Exhibit _____A_____
Page _29_ of _44_ Pages

Attachment 1

FAX 210-344-6016
depo of Mary Ibarra $151.80

Videotape services  $275.00

Tickets to Sacramento  $611
redo return trip        35

Motel for LTK
    1. Candlewood $109.32
    2.  Marriott  $401.18

Taxi for LTK  in Sacramento  $157.00

Long distance from LTK       $25.00

Food $50 per day x 5 -       $250.00

Pruitts airfare for 2        $440.00
Pruitts hotel Oakland        $115.00
Pruitts hotel Sacramento     $123.00
Pruitts rental car            50.00
Parking car                   21.00
Glenn Wage loss              $625.00
Sean Wage loss               $132.00
Pruitts food                 $110.00


Estimate for depos in California
Capital Court Reporters
4/21/98 1pm-5pm $125 appearance fee
4/22/98 9am-9pm $200 appearance fee
4/23/98 8:30am-noon $100 appearance fee
depo of Livingston $672.00


Fuller & Parker
  depos of Gabe and Novila $337


Long Distance estimate          $150.00

Experts
Erwin              $3400
Stockler           $1500
Flannigan          $1500


Paralegal
8/14/97 exhibits to: Initial disclosures 2 x $80
10/12/97 exhibits re: M/Summary Judgment 2 x $80
3/23/98 prepare documents for experts   3 x $80
4/15/98 prepare files for depos in CA    2 x $80
4/23/98 T/C Hendricks re: trial motions 2.0 x $80

Exhibit ___A___
Page _30_ of _44_ Pages

```
4/29/98  work on attorney time              2 x $80
5/1/98   work on attorney time            4 x $80
5/2/98   work on attorney time            4 x $80
5/3/98   work on attorney time            4 x $80
5/4/98   work on attorney time            3 x $80
                                          total  $2,240.00
```

Copying (estimate)                    $520.00

Total $17,872.21

ATTORNEY TIME ON PRUITT

| DATE | DESCRIPTION | HOURS |
|------|-------------|-------|
| 6/25/97 | letter to client re:  complaint research | 2.0 |
| 6/27/98 | review file/research/complaint | 2.0 |
| 6/30/97 | Draft/file complaint against USAA | 1.0 |
| 7/8/97 | Research | 2.0 |
| 7/10/97 | letter to Weing re:  complaint | .10 |
| 7/24/97 | letter to Richmond/copy of complaint | .20 |
| 7/30/97 | Draft Rule 4 | .20 |
| 7/31/97 | letter to Richmond | .10 |
| 8/12/97 | Review D/jury trial | 1.0 |
| 8/14/97 | Review Entry of Appearance | .10 |
| 8/15/97 | research/draft Initial disclosures | 4.0 |
| 8/22/97 | Review N/PTscheduling | .30 |
| 8/26/97 | Review N/change of judge letter from Gutsch | .30 |
| 9/10/97 | letter to Gutsch | .10 |
| 9/15/97 | Review USAA's answer | 1.0 |
| 9/18/98 | Research/letter to Richmond | 2.0 |
| 10/7/97 | letter to Gutsch re: Discovery | 1.0 |
| 10/9/97 | letter to Gutsch | .10 |
| 10/10/97 | Draft Joint Discovery Plan | 1.0 |
| 10/12/97 | Draft  Plaintiff's M/Summary Judgment Paralegal re: exhibits 2 hrs | 2.0 |
| 10/20/97 | TC w/Gutsch | .20 |
| 10/28/97 | Review Defendant's Initial Disclosures 10/27/97 Response to Production 10/27/97 Response to RFAdmission 10/27/97 | 2.0 |
| 10/28/97 | REVIEW/RESEARCH Defendant's Motion to Strike | |

Exhibit _____A_____

Page _32_ of _44_ Pages

Attachment Q

```
              Consent Judgment and alternative Motion to
              Compel                                        3.0

10/30/97 Draft subpoena Mike Bice $12.50 witness fee
                                                             .30
10/31/97  letter to client                                  .30

11/2/97  Draft Initial Disclosures                          2.0
11/3/97  Planning meeting                                    .30

11/3/97  Research/review/draft Motion/Sufficiency           3.0

11/4/97  DRAFT Plaintiff's  Motion to determine sufficiency
              and  truthfulness  of  USAA's  response  to  Plaintiff's
              Requests for Admissions and   Sanctions.      3.0

11/4/97 DRAFT  Plaintiff's Motion for Protective Order.2.0

11/4/97 Prepare/take depo Michael Bice                      5.0

11/5/97 DRAFT Plaintiff's Motion to Seal and Return
              Attorney Work Product.                        5.0

11/6/97 research re: SJ                                      4.0

11/6/97  Review defendant's Response to Interrogatories
              11/5/97                                       2.0

11/7/97 Review/DRAFT Plaintiff's Motion to Compel           3.0

11/7/97 Review Defendant's Erratum to Motion to
              Strike Consent Judgment                       2.0

11/9/97  Research re: complaint                             1.0

11/10/97 Draft Plaintiff's request to take judical
              notice complaint 3 pages                      1.0

11/10/97 Draft Judicial notice                              1.0

11/10/97  Draft Request for oral argument
              letter from Richmond                          1.0

11/11/97  Review defendant's Response to Production
              11/10/97                                      2.0

11/11/97  review letter from Gutsch
              draft letter to Gutsch                         .30
              research SJ                                    2.0

11/12/97  DRAFT Plaintiff's opposition Motion to Strike
              Consent Judgment and alternative Motion to
              Compel/research                               3.0
```

Exhibit _4_

Page _33_ of _44_ Pages

11/12/97 Review Planning Report                          1.0
         Draft letter to Richmond

11/12/97 DRAFT  Plaintiff's Motion for Summary Judgment and to
         enforce   Judgment                              3.0


11/14/97 Review Stip for ext/time for USAA              .20

11/18/97 REVIEW Pretrial Order                          .30

11/20/97 REVIEW letter from Gutsch re: depos/depo notice
                                                         1.0

11/21/97  REVIEW Defendant's reply (also see No.27 Defendant's
         Erratum to Motion to Strike Consent Judgment
         opposition Motion to Strike
         Consent Judgment and alternative Motion to
         Compel                                          2.0

11/21/97 REVIEW  Defendant's Opposition for Protective Order.
                                                         1.0
11/21/97 REVIEW Defendant's Opposition to Plaintiff's Motion to
         Compel                                          1.0

11/21/97 REVIEW  Defendant's Opposition  Motion to determine
         sufficiency and truthfulness of USAA's response to
         Plaintiff's Requests for Admissions and Sanctions.
                                                         2.0
11/21/97 REVIEW Defendant's Opposition Motion to Seal and Return
         Attorney Work Product.                          1.0

11/25/97 letter to Richmond re: Notices of depos        .30

11/27/97 research/draft reply M/sufficiency             2.0

12/1/97  DRAFT Plaintiff's reply Motion to determine sufficiency
         and truthfulness of USAA's response to Plaintiff's
         Requests for Admissions and  Sanctions.    3.0

12/1/97 DRAFT  Plaintiff's Reply for Protective Order. 1.0

12/1/97  DRAFT Plaintiff's reply Motion to Seal and Return
         Attorney Work Product.                          1.0

12/1/97  DRAFT  Plaintiff's Reply Motion to Compel      2.0

12/1/97 Review letter from Gutsch re:  depos
         reply to letter/conference w/client            3.0

12/1/97 DRAFT Plaintiff's Motion to Quash Depositions  1.0

12/2/97  TC with client                                 .30

12/2/97 REVIEW  Opposition Motion to Quash Depositions  .30

12/2/97 Review fax from Richmond re: Non-opp for expedite/
      opp to M/Quash                                        1.0

12/2/97  letter to client re: pretrial order              .10

12/3/97 DRAFT Reply to opposition to Motion to
      Quash Depositions                                      1.0

12/5/97 Review  USAA's Opp M/Summary Judgment and
     Cross M/Summary Judgment                                2.0

12/5/97 REVIEW Defendant's Opposition Motion for Summary Judgment
     and to enforce Judgment                               1.0

12/5/97  Review order re: Quash depos                      .30

12/8/97  letter to Gutsch                                  .10

12/9/97  letter from Gutsch                                .10

12/10/97 2 letters from/to Gutsch                          .20

12/10/97 Review Defendants  Amended Certificate            .10

12/11/97 Review USAA's expedited M/Sanctions
     Research                                                2.0

12/12/97 Draft Plaintiff's Motion for Protective Order 2.0

12/12/97 Draft/research Plaintiff's M/Compel              2.0

12/12/97 Draft  Plaintiff's opp to USAA's M/Sanctions
    / Plaintiff's non-opp to expedited
    M/Protective Order                                     3.0

12/12/97 Review Order re:  compel, protective, return, determine
     compel, strike judgment                               1.0

12/16/97 Review USAA's reply to opp for Sanctions
     USAA's reply to non-opp to expedite                   1.0

12/16/97 letter from Gutsch                                .10

12/16/97 letter to Gutsch                                  .10

12/17/98 Review order re: depos in TX                      .20

12/17/97 TC with client                                   1.0

12/18/97  letter from/to Gutsch                            .20

12/18/97 Review order re: protective                       .20

Exhibit _A_

Page _35_ of _44_ Pages

| | | |
|---|---|---|
| 12/19/97 | Review/sign stip for extension of time | .20 |
| 12/19/97 | Letter from Gutsch/review file | 2.0 |
| 12/22/97 | Research <u>Thomas vs. USAA</u> case | 2.0 |
| 12/22/97 | Review USAA's opp to M/Compel<br>       research | 2.0 |
| 12/22/97 | Review USAA's opp to Plaintiff crossM/for Sanctions<br>       1.0 | |
| 12/23/97 | letter from Gutsch | .10 |
| 12/23/97 | letter from client | .10 |
| 12/24/97 | Draft Plaintiff's request judicial notice | 1.0 |
| 12/24/97 | letter to Gutsch | .10 |
| 12/29/97 | letter to Quinn | .10 |
| 12/30/97 | letter from Richmond | .10 |
| 12/30/97 | Draft Plaintiff's reply to M/Compel | 2.0 |
| 12/30/97 | M/Reconsider M/Compel | 1.0 |
| 12/30/97 | Draft M/Reconsider<br>       research | 1.0<br>2.0 |
| 12/31/97 | Review file 2056.023 | 2.0 |
| 12/31/97 | Review copies received from Richmond<br>       copy cost $26.60 | 3.0 |
| 1/2/98 | letter from Richmond | .10 |
| 1/2/98 | DRAFT Plaintiff's Reply to Defendant's Opposition Motion<br>       for Summary Judgment and to enforce Judgment 3.0 | |
| 1/2/98 | Review order re: sanctions | .20 |
| 1/5/98 | Review order granting plaintiff extension of time | .10 |
| 1/5/98 | T/C w/client | 2.0 |
| 1/6/98 | prepare/depo Glenn/Sean | 6.0 |
| 1/6/98 | Review Defendant's response for oral argument | .20 |
| 1/6/98 | review USAA opp to request for judical notice | .30 |

1/6/98 letter to Quinn                                      .10
       letter to Client

1/9/98 Draft   Reply to Opp to judicial notice             1.0

1/9/98 Review   USAA's extension of time                   .30

1/13/98 letter from Gutsch                                 .10

1/14/98 REVIEW Defendant's Motion to compel discovery      1.0

1/14/98 Review order re: oral argument                     .10

1/15/98 REVIEW  Defendant's motion to compel IME
        research/TC w/client                               3.0

1/16/98 letter to Gutsch                                   .10

1/12/98 letter to client                                   .10

1/12/98 letter to/from Gutsch                              1.0
        check for discovery copies $152.55

1/16/98 Draft  Plaintiff's opp to extension of time        .30

1/16/98 Review Division of Insurance file                  2.0

1/19/98 Research/conference Wainscott                      2.0

1/19/98 letter from client                                 1.0

1/20/98 review discovery responses from client             1.0

1/20/98 prepare/depo Wainscott                             5.0

1/21/98 letter to Gutsch                                   .10

1/22/98 letter to Gutsch/Quinn                             .10

1/23/98 letter to client                                   .10

1/23/98  Plaintiff's opposition to compel discovery        2.0

1/23/98 DRAFT Plaintiff's opposition to ime
        research                                           2.0

1/26/98 Review USAA log/letter to Gutsch                   4.0

1/27/98 Review  USAA's reply to Plaintiff's opp to
        Cross M/Summary Judgment                           2.0

1/28/98 letter from Gutsch/review file                     1.0

1/29/98 letter from Gutsch                                 .10

```
1/30/98 letter to Gutsch                                        .10

1/30/98 Review Defendant's  Witness list                      1.0

1/30/98 Prepare/deposition of Gould                           5.0

2/2/98 letter from Gutsch                                      .10

2/2/98 REVIEW  Defendant's reply to Ime
        /Response to Production 2/2/98                         2.0

2/3/98 Review order granting USAA extension of time
        re: Judicial notice                                    .30


2/4/98 Review order re: M/Reconsider                          .20

2/5/98 letter to Gutsch                                        .10

2/9/98 letter from Gutsch                                      .10

2/10/98 Draft Request for Oral argument                       .30

2/10/98 Review defendant's Response to Interrogatories
        2/9/98                                                1.0

2/11/98 Review defendant's Response to Interrogatories
        2/11/98
        \Response to RFAdmission 2/11/98
        \Response to Production 2/11/98                       3.0

2/11/98 REVIEW USAA's M/Protective Order
        research                                             1.0

2/12/98 REVIEW  Jeff Gould M/Protective order                1.0
2/13/98 research/draft M/Sanctions                           4.0


2/17/98 Review defendant's Supplemental Disclosures
        2/17/98                                              1.0
        research/conf w/Michaela                             2.0

2/19/98 DRAFT  Plaintiff's opp to Goulds M/Protective and
        counter M/sanctions and show cause                  2.0

2/19/98 DRAFT Plaintiff's supplement and preliminary
        witness list                                        3.0

2/19/98 DRAFT Plaintiff's opp to USAA's M/Protective and
        counter M/sanctions and show cause                  3.0

2/19/98 DRAFT Plaintiff's M/expedited to Plaintiff's
        M/Sanctions & show cause                            2.0
```

2/25/98 letter to Richmond                                          .10

2/26/98 letter from Gutsch                                          .10

2/27/98 Review defendant's Response to Production
       2/27/98                                                     1.0

2/28/98  T/C Richmond                                              .20

2/28/98  prepare/depos Gabriel, Novilla Pruitt          5.30

3/2/98  Review defendant's Supplemental Disclosures
       3/2/98                                                      1.0

3/3/98  Review Defendant's Supplemental Disclosures
       3/3/98                                                      1.0

3/3/98  REVIEW USAA's Reply   to Plaintiff's opp  to USAA's
       M/Protective and opp to Plaintiff's counter M/sanctions
       and show cause/research                      4.0
       Prepare/Ibarra depo                          4.0


3/3/98 Review  Notice RE: Deponent's Opp to
       Plaintiff's M/Sanctions & reply to M/ Protective
                               3.0

3/6/98 Research on reply/expert witness              5.0

3/9/98 Review  Deponent Gould's opp to Plaintiff's M/Sanctions &
       reply to M/Protective                       1.0

3/10/98 Research to Opp/Expert witness list          5.0

3/10/98 letter from Gutsch                                         .10

3/11/98 letter/TC with client                              1.0

3/11/98 Draft  Reply to USAA's/Gould's Opp to M/Show Cause
                               2.0
3/11/98  Draft Plaintiff's M/Strike Gould's reply/opposition
                               2.0
3/11/98 Draft  Plaintiff's M/Extension of time
       research                                     3.0

3/11/98 letter to Gutsch                                           .10

3/12/98 Review Defendant's supplment to Witness list   .30

3/16/98 Review/Letter to client re: Discovery        2.0

3/17/98 Review  USAA's opp to M/Strike Gould's reply/opp
       research                                     2.0

```
3/17/98 Review  USAA's expedited M/Mediation in Texas
              conference/client                        1.0

3/18/98 letter to Richmond/Gutsch                       .10

3/18/98 Draft  Plaintiff's opposition to expedited
              M/Mediation in Texas                     2.0

3/19/98 Review Order re:  expedite                      .20

3/20/98 Review  USAA's response to M/Extension of time .30

3/23/98 Review USAA's reply to opp to M/Mediation in Texas
                                                       1.0

3/23/98 Review  Gould's opp to Plaintiff's M/Strike    1.0

3/24/98 Draft  Plaintiff's Request for late filing     1.0

3/24/98 Draft Plaintiff's Reply to opp M/Strike        1.0

3/25/98 work on Expert Witness lis                     2.0

3/26/98 work on Expert Witness list                    2.0

3/27/98 Review Defendant's discovery requests to Plaintiff
                                                       2.0
3/27/98 Draft Expert Witness list                      2.0

3/27/98 Draft  Plaintiff's reply to Gould's opp to M/Strike
                                                       2.0

4/1/98  Prepare Dibble deposition                      2.0

4/2/98  Dibble deposition                              3.0

4/5/98  Review USAA's non opp to Request for late filing
                                                        .30

4/6/98 letter from Gutsch                               .10

4/7/98 Review case/letter to Richmond                  2.0

4/7/98  Review defendant's Supplemental Disclosures
              4/7/98                                   1.0

4/9/98  Review USAA's supplement to M/Compel IME
              research/conf w/Michaela                 2.0

4/10/98 Draft  Plaintiff's M/protective order for RFA
                                                       2.0

4/15/98 Draft Plaintiff's M/Strike supplment to
              M/Compel IME                             2.0
```

```
4/15/98 T/C Richmond re: CA depos                          .30

4/16/98 Review  USAA's M/Supplement USAA's opp to
          Plaintiff's M/enforce judgment              2.0

4/16/98 Prepare/attend oral argument                  5.0

4/17/98 research/conference w/Sims/Draft
          Supplemental Argument                       3.0
          Draft settlement brief                      2.0

4/17/98  Prepare for depos in CA                      3.0

4/19/98  Flight time/research                        12.0

4/20/98  Review file/mediation                       12.0

4/21/98   Review/depositions in CA                   12.0

4/22/98   Review/depositions in CA                   12.0


4/22/98   Draft Settlement brief, Reply/Protective Order
          letter from Erwin - MK                      2.0

4/23/98   Review/depostions in CA/flight time        12.0


4/23/98   Research/draft settlement brief/
          T/C Hendricks re: trial motions             4.0

4/24/98   Conference re: trial and motions/finalize
          reply/prepare client/settlement conference  5.0

4/27/98  Review Order                                 1.0

4/28/98  Research/draft M                             4.3


Review 43 deposition notices/renotice/cancellation
Notices sent by defendant at .10 hrs x 43 =           4.3

5/1/98   research/draft M/attorney fees               7.0

5/2/98  Read case                                     2.0

5/4/98 review/research/draft M/attorney fees          5.0

5/6/98 review/research                                2.0

5/7/98 Finalize M/Attorney Fees                       3.0
```

total 396.2 hrs x $150.00 = $59,475.00

Exhibit _____A_____

Page _41_ of _44_ Pages

## ATTORNEY TIME ON PRUITT

| DATE | DESCRIPTION | HOURS |
|------|-------------|-------|
| 8/5/94 | Initial meeting w/client | 2.0 |
| 12/21/94 | letter to client | .10 |
| 3/28/95 | letter to client | .10 |
| 4/12/95 | letter to client | .10 |
| 5/4/95 | letter from client | .10 |
| 5/10/95 | letter to client | .10 |
| 5/30/95 | letter to client | .10 |
| 7/18/95 | letter to client | .10 |
| 8/1/95 | letter from USAA-Gillis | .10 |
| 10/4/95 | Review policy from Gillis | 1.0 |
| 10/5/95 | letter re: records/to client | .30 |
| 10/30/95 | letter from client | .30 |
| 12/5/95 | letter to client | .10 |
| 4/10/96 | TC with client | .30 |
| 5/6/96 | letter to client | .10 |
| 2/6/96 | letter to client | .10 |
| 2/7/96 | letter to dr. for records | .10 |
| 2/12/96 | letter from client | .10 |
| 9/17/96 | letter to client | .10 |
| 10/8/96 | TC with client | .30 |
| 10/9/97 | TC with client | .30 |
| 11/7/95 | letter from USAA - Gillis | .10 |
| 11/8/95 | review/research draft demand letter | 4.0 |
| 11/23/95 | final demand letter to USAA | 1.00 |
| 11/29/95 | letter from USAA- Gillis | .10 |

| | |
|---|---|
| 12/5/95   letter to USAA | .10 |
| 12/13/95   letter to USAA-Gillis | .10 |
| 2/6/96   letter to USAA- Gillis | .20 |
| 2/13/96   letter from USAA-Gillis | .10 |
| 3/8/96   review medicals/letter to Gillis | 1.0 |
| 3/8/96   research/review draft complaint | 3.0 |
| 3/13/96   letter from Gillis/T/C client | 1.0 |
| 3/11/96   research/draft complaint | 1.0 |
| 3/25/96   final Complaint | 1.0 |
| 3/28/96   letter to Gillis | .30 |
| 4/23/96   letter from Gillis/research | 2.0 |
| 5/6/96   letter to Burke | .30 |
| 5/9/96   Demand for Arbitration | .30 |
| 5/16/96   letter to Burke | .30 |
| 6/11/96   letter from Burke | 1.0 |
| 6/13/96   draft default | 1.0 |
| 6/20/96   letter to Burke | .20 |
| 6/24/96   draft Rule 4 | .30 |
| 7/19/96   Notice to court | .30 |
| 9/17/96   review file/letter to Burke | 1.0 |
| 1/12/97   Final agreement, confession, assignment and damages | 3.0 |
| 1/13/97   letter to client | .10 |
| 1/13/97   letter to Gabriel Pruittw/confession of judgment etc. | .30 |
| 1/14/97   letter to Dr. Enlow | .20 |
| 2/10/97   letter to client | .10 |
| 2/17/97   letter to client | .10 |

```
2/28/97 research/draft M/Confessions              4.0

2/19/97 letter to Pesserillo                      1.0

3/4/97 letter from Pesserillo                      .30

3/12/97 Review file/Order to inactive calendar    1.0

3/20/97 M/Set for trial                           1.0

3/20/97 Draft exhibit/witness list               2.0

4/3/97  Review order re:  Damages Hearing          .20

4/10/97  letter to Burke                           .10

4/10/97 letter to Pesserillo                       .10

4/10/97 letter to client                           .10

4/25/97  Review Judgment                           .10

4/26/97 letter from client                         .10

5/3/97  letter to Burke                            .10

5/3/97 letter to Pesserillo                        .1k0

5/5/97  letter to client                           .10

5/19/97 TC with client                             .20
```

39.9 hrs

Exhibit____A____
Page _YY_ of _YY_ Pages