Michael R. Wirschem, Ak Bar #95-11049
LAW OFFICE OF CRIS W. ROGERS
2600 Denali Street, Suite 711-B
Anchorage, Alaska 99503
Phone:    907.565.5663
Fax:      907.565.5684
E-mail: mikewirschem@gmail.com

Attorneys For The Defendants



RECEIVED MAR 0 9 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LOREN MORGAN and MELODY MORGAN, individually and as parents of EVAN MORGAN, a minor,<br><br>    Defendants. | Case No. 3:06-cv-15-RRB |

### REPLY TO SAFECO'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES

COMES NOW the Defendants, by and through their attorneys, the LAW OFFICE OF CRIS W. ROGERS, in reply to Safeco's Opposition to the Defendants' Motion For Attorney Fees.

### The Defendants' Motion For Attorney Fees was timely

The question as to whether the Motion For Attorney Fees is timely has already been decided, at least implicitly, by this Court. In response to the Request For Entry Of Judgment filed January 23, 2007,[1] Safeco filed an opposition to entry of final

---

[1] Docket 29.

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

judgment on the basis that the Court's decision of December 4, 2006, already had the force and effect of a final judgment.[2] In spite of Safeco's contention that the Order Regarding Cross-Motions For Summary Judgment[3] was a final judgment, the Judgment In A Civil Case was rendered February 15, 2007, and stated in relevant part that Defendants "recover of the plaintiff SAFECO INSURANCE COMPANY OF AMERICA their costs of action."[4]

FRCP 54(d)(2)(B) states that a motion for attorney's fees must be filed not later than 14 days after entry of judgment. FRCP 58, ENTRY OF JUDGMENT, requires that every judgment must be set forth on a separate document. FRCP 58(a)(1). Exceptions to the separate document rule are listed in subsections (A) through (E) to FRCP 58(a)(1), but none of them apply here.

Rule 82(c), Alaska Rules of Civil Procedure, requires a motion for attorney's fees to be filed within 10 days after the date the clerk distributes the judgment. Civil Rule 58, ENTRY OF JUDGMENT, provides that every judgment must be set forth on a separate document distinct from any opinion or memorandum.

The Order Regarding Cross-Motions For Summary Judgment issued December 4, 2006, may have qualified as an order from which an appeal could have been taken, but the entry of judgment in this case for purposes of filing a timely motion for attorney

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[2]   Docket 32 at 2.

[3]   Docket 28.

[4]   Docket 34.

fees was done with a separate document on February 15, 2007.[5]

### Enhancement in this case is warranted under factors (A), (C), (D), (E), (H) and (K) of Rule 82(b)(3)

The Defendants direct the Court's attention to the factors in their motion favoring enhancement that Safeco has not opposed.

First, under factor (C) of Rule 82(b)(3), Safeco does not contest either the reasonableness of the number of hours expended or the hourly rate as detailed in the <u>Affidavit Of Counsel In Support Of Motion For Attorney Fees</u>.[6] Reasonableness is the primary concern underlying an award of Rule 82 attorney fees. The Defendants' efforts were reasonable, efficient and effective.

Second, under factor (D) of Rule 82(b)(3), Safeco's opposition is silent on the point that the insurer has utilized four attorneys in this case. Rule 82 enhancement is indeed warranted by comparison with the Defendants' use of one attorney.

Third, under factor (E) of Rule 82(b)(3), Safeco's opposition does not dispute the Defendants' efforts to minimize fees. Given defense counsel's minimization of fees, Rule 82 enhancement from the standard 20 percent of actual fees is fair.

Fourth, under factor (H) of Rule 82(b)(3), Safeco's opposition is totally silent on the relationship between the amount worked by defense counsel, $30,980 in billable hours, and the $1,000,000 in UIM coverage those efforts secured. An award of 20 percent of actual fees under Rule 82(b)(2), a mere $6,196,

**LAW OFFICE OF
CRIS W. ROGERS**
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[5] Docket 34.

[6] Docket 36.

Page 3 of 7

would be inconsistent with the significance of the matters at stake: $1,000,000 in coverage versus no coverage.

Fifth, under factor (K) of Rule 82(b)(3), Safeco's opposition ignores that it sued its insured and forced them to marshal the resources to defend. Safeco's opposition also fails to acknowledge that it lost every issue in this case.

In sum, Safeco's silence on these points concedes the merit of the Motion For Attorney Fees.

Several arguments that Safeco does present in its opposition warrant a brief reply. Foremost is Safeco's baseless statement that the Defendants "rely heavily on the argument that the court's decision was in the public interest."[7] The Defendants have never said that they were public interest litigants. Neither did the trial court or appellate court say that Pruitt was a public interest litigant. Rather, the supreme court in Pruitt approved 75% of actual fees where "plaintiff's efforts were effective, efficient and although driven by economic motive, also had broad beneficial effect for the public." United States Automobile Association v. Pruitt, 38 P.3d 528, 535 (Alaska 2001).

The beneficial effect noted in Pruitt is also a factor which supports the Defendants' request for 75% of their attorney fees incurred in successfully litigating a coverage issue that other insurance consumers, and probably Safeco itself, may encounter.

The next point of reply to Safeco's opposition concerns the

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[7]   Docket 38 at 4.

Page 4 of 7

assertion: "The case had no complexity." Actually, the parties briefed and argued points of law on summary judgment that this Court suggested were worthy of review by the Alaska Supreme Court.[8] The timing of the subsequent legislative enactment at issue in relation to Dr. Morgan's loss and UIM umbrella coverage presented a technical issue of first impression here in Alaska.

"Complexity" for the purposes of Rule 82(b)(3) factor (A) is not limited to huge amounts of attorney's fees billed in discovery. The Court's acknowledgment of a close question in this case confirms that the parties worked on a complex issue. Based on that complexity, an enhancement under Rule 82 from 20% to 75% of the $30,980 in actual attorney's fees incurred by the Defendants is appropriate.

With respect to Safeco's contention that the policy language only contemplates payment of defense costs for a third-party claim against the insured, the Defendants point out that Safeco's policy didn't expressly provide UIM coverage either. UIM coverage was required as a matter of law, overriding the terms of the policy. Moreover, Safeco's policy language promising to pay "expenses incurred by any insured at our request" has been interpreted to allow recovery of attorney's fees incurred in defending a declaratory action to determine the existence of coverage. See Great West Casualty Company v. See, et. al., 185 F.Supp.2d 1164, 1173 (D. Nevada 2002); Upland Mutual

---

[8]    Docket 28 at 6.

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

Insurance, Inc. V. Noel, et. al., 214 Kan. 145, 152, 519 P.2d 737, 743 (Kansas 1974).

Finally, footnote 1 of Safeco's opposition avers: "Part of plaintiff's fee requests includes time for work done in the State Court action."[9]  Safeco overlooks the fact that <u>Exhibit 1: Attorney Timesheet In State Court Case</u>[10] shows that the attorney time worked in the state case has been kept separate, and those billable hours are not part of the Defendants' Motion For Attorney Fees.

## CONCLUSION

Based on the foregoing, the Defendants' Motion For Attorney Fees and the Court's files in this matter, Safeco should be ordered to pay the sum of $23,235 for attorney's fees to the Defendants within 10 days.

RESPECTFULLY SUBMITTED this 9th day of March, 2007, at Anchorage, Alaska.

LAW OFFICE OF CRIS W. ROGERS
Attorneys For The Defendants

Michael R. Wirschem
Alaska Bar No. 9511049

LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax

---

[9]   Docket 38 at 3.

[10]  Docket 36 at 8.

CERTIFICATE OF SERVICE
I hereby certify that on this
9th day of March, 2007, a true
and correct copy of the foregoing
Reply was sent by messenger
(and courtesy copy via fax) to the
Plaintiff's attorneys of record as follows:

Kenneth M. Gutsch
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Fax: 907.276.2953

*Nicole Rucker*
Law Office Of Cris W. Rogers

**LAW OFFICE OF
CRIS W. ROGERS
2600 Denali St.
Ste. 711-B
Anchorage, AK 99503
(907) 565-5663 tele
(907) 565-5684 fax**